UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WENDELL HARPER,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK, et al.,<br><br>Defendants. | Case No. 15-cv-00889-EMC (DMR)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUFFICIENCY OF COMPLAINT UNDER 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 2 |
|---|---|

Plaintiff Wendell Harper ("Plaintiff") filed a Complaint [Docket No. 1] and Application to Proceed *In Forma Pauperis* ("IFP Application") [Docket No. 2] on February 26, 2015. The presiding judge has referred this matter to this court for consideration of the IFP Application. For the reasons stated below, the court recommends that the IFP Application be **granted** and the complaint be dismissed with leave to amend.

### I. IFP APPLICATION

Having evaluated Plaintiff's financial affidavit, the court finds that Plaintiff has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore recommends that the IFP Application be granted.

### II. REVIEW OF COMPLAINT

**A. Legal Standards**

In reviewing an application to proceed *in forma pauperis*, courts may dismiss a case if the party applying for *in forma pauperis* status files a frivolous action or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). District courts have the

authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. As such, "[a] court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Id.* (citing *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976)).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or any portion of it, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

### B. Sufficiency of Complaint

It is difficult to understand the specific allegations in Plaintiff's Complaint. Plaintiff alleges that he and his spouse own property located on Miflin Court in El Sobrante (the "Property"). Compl. at 5. It is unclear whether Plaintiff and/or his spouse live in the Property. It is also unclear whether Plaintiff remains in possession of the Property.

It appears that Defendant Deutsche Bank "with its accomplices in [Defendant] Ocwen Loans and [Defendant] Colony Financial, Inc." may have initiated or even completed foreclosure proceedings on the Property. *See* Compl. at ¶ 4 ("Deutsche Bank National Trust Company Knowingly and willingly failed to disclose to Plaintiff and his Spouse, their Notarized Title. In lieu of full disclosure, Defendant Deutsche Bank decided to impose an illegal lien, steal the assets and perpetrate an Unlawful Foreclosure on the [Property]"); ¶¶ 7-8 ("Defendants violated the Truth in Lending Act by submitting a forged Promissory Note, Deed of Trust, wrongfully imposing a lien on the property of Plaintiff and his spouse, demanding by 'Notice of Trustee Sale' and suing in Federal Court to gain blanket authority to possess the Trust, although illegally.").

The Complaint also does not clearly allege whether any foreclosure sale was completed,

although there is some suggestion that it was. *See id.* at ¶ 26 ("Ocwen Loans engineered an unlawful foreclosure on the home of Plaintiff and his Spouse on January 22, 2013"); ¶ 27 ("Colony Financial and Ocwen Loans conducted an illegal purchase and sale contract on January 22, 2013, by forging a Trust Deed Upon Sale, and refusing or being unable to produce receipts of the sale Proof of ownership upon the demand of Plaintiff and his spouse."). Furthermore, Defendants' relationships to Plaintiff, to each other, and to the Property are unclear.

The Complaint also references a "federal court" and "federal judge," apparently referring to possible bankruptcy proceedings involving Plaintiff and/or his spouse, but does not offer any further details about the judge or court or proceeding involved. *See id.* at ¶ 7; ¶¶ 8-9 ("Defendant Deutsche Bank conceived Three Allonge Notes dated June 23, 2006. The Defendant cashed these notes for $475,000 each. The Plaintiff and his Spouse allegedly owed only $475,000. On April 21, 2011, Deutsche Bank re-used These same Allonge Notes during the Bankruptcy Process; the bank Then conducted a 'Purchase and Sale' contract arrangement with an unnamed Party Deutsche Bank lied to a Federal Judge, and to Federal Regulators while Depositing all three Notes, and attributing the Purchase and Sale to Plaintiff and Spouse."). There is also a reference to a state court case. *Id.* at ¶ 36 ("Colony Financial filed an Unlawful Detainer in Richmond Superior Court . . . . Plaintiff and his Spouse were forced to pay for defending our property right in court, and to spend money for court costs in Richmond Superior Court and in US Bankruptcy Chapter 7 Court.").

The Complaint lists seven causes of action: (1) violation of 15 U.S.C. § 1641; (2) violation of 18 U.S.C. § 1956; (3) violation of 18 U.S.C. § 1341; (4) violation of 15 U.S.C. § 1692e; (5) violation of the "Uniform Trust Code"; (6) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 and 1204; and (7) violation of Rhode Island Business & Professions Code § 5-20.8-2 and § 5-20.8-5, governing real estate sales disclosures.

The second and third causes of action under 18 U.S.C. §§ 1956 and 1341 are plainly inappropriate, as they allege violations of criminal statutes and do not provide for a civil lawsuit. The fifth cause of action is also inappropriate, as the "Uniform Trust Code" is a model for codifying the law on trusts, not an actual law on which a claim can be based. Likewise the

seventh cause of action is insufficiently stated, because Plaintiff has offered no allegations suggesting that the law of Rhode Island should apply.[1]  Plaintiff's allegations with respect to the remaining causes of action appear to raise the Truth in Lending Act (first and sixth causes of action) and the Fair Debt Collection Practices Act (fourth cause of action).  These claims are also deficient, as they fail to address the basic issues of fact noted above.  For example, Plaintiff alleges that Deutsche Bank "lied to a federal Judge" and made false or misleading representations "to Federal and State Regulators and to a Judge" but does not specify to whom or in what context the representations were made, the content of those representations, or support for the allegation that they were false or misleading.  Compl. ¶¶ 26, 34.  To the extent that Plaintiff's allegations can be understood to allege that the three Defendants did not have the right or authority to foreclose on the Property, the Complaint's failure to clearly allege the ownership of the Property and any related loans renders these allegations insufficient to state a claim.

### III.   CONCLUSION

For the reasons stated above, the court recommends that Plaintiff's IFP application be granted and that the Complaint be dismissed.  However, because it is not clear that the deficiencies in the Complaint cannot be cured with amendment, the court recommends that dismissal be entered without prejudice to Plaintiff filing an amended Complaint within three weeks of the date of the presiding judge's order.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: March 19, 2015

Donna M. Ryu
United States Magistrate Judge

---

[1]  The Complaint states that "all defendants do business in California and . . . reside in California, while violations giving rise to this lawsuit occurred in California."  Compl. at ¶ 2.