# FILED

APR 3 0 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

Case No. 15-cv-0089-EMC (BWR)

Wendell Harper
39270 Paseo Padre Parkway #445
Fremont, CA 94538
510-262-9178

**COMPLAINT FOR REPOSSESSION
OF REAL PROPERTY AND ASSETS
SEIZED BY FRAUD; FORGERY;
FOR FULL DISCLOSURE; AND, FOR
UNLAWFUL FORECLOSURE**

**WENDELL HARPER (INDIVIDUAL)**

      **Plaintiff.**

                  **Jury Trial Demanded**

**v.**

**DEUTSCHE BANK, OCWEN LOANS, AND
COLONY FINANCIAL, INC. (CORPORATIONS**

      **Defendants.**

      **AMENDED COMPLAINT**

1  Plaintiff hereby Amends his Civil Complaint filed against the above-named

Defendants, thereby alleging the following:

2. That Defendants, each of them, have violated provisions of the Truth-in

Lending Act, California's Foreclosure Law, and abused the Unlawful Detainer

Laws by unlawful eviction. In doing so, defendants have denied Plaintiff

and Spouse's Title to the Property, and caused dispossession of same.

Procedures Act.

3. VENUE. Venue is appropriate, as the Defendants, each of them, conduct or Purport to conduct business in California, while violations giving rise to this Civil Complaint occurred in this State.

4. JURISDICTION. The UNITED STATES DISTRICT COURT has jurisdiction over This case, because the issues arise under the federal laws of the United States.

5. INTRADISTRICT ASSIGNMENT. This Civil Complaint should be assigned to The San Francisco Division of the UNITED STATES DISTRICT COURT because a Substantial number of the violations occurred in California.

## PARTIES

6. Deutsche Bank and Ocwen Loans are partners; one operating not as a bank but as an Agent of Foreclosure; The other, Ocwen Loans, has the role of Servicer, and Prosecutes the foreclosure by assigning a Trustee (T.D. Service Company), the result of its acquisition of Deutsche Bank's original Servicer, Saxon Mortgage, Inc.

7. Ocwen Loans has offices in Southern California, but does business throughout the State. Neither of the Defendants above-named, loan money to Homeowners; but instead, conduct the illegal Purchase and Sale of Real Property and Assets.

8. Colony Financial, Inc.  Purchases foreclosed properties, with the Defendants,

Each of them, having not the requisite Title to the Property in order to transfer,

Purchase or conduct the sale or auction of Plaintiff and Spouse's  real property.

### STATEMENT OF FACTS

9. Plaintiff Wendell Harper hereby alleges and declares the following facts:

That his spouse and he are the Qualified Owners  of Joint Interest of the

Real Property situated at 4151 MIFLIN CT., EL SOBRANTE, CA 94803. Under

"Sole or Several Ownership, Plaintiff and his Spouse are co-owners of said

Property, and are entitled to possession pursuant to CIVIL CODE SECTION

678/680.

678.  The ownership of property is either:

1. Absolute; or,

2. Qualified.

10. Plaintiff and his Spouse are Qualified Owners of

the above-referenced property,

680.  The ownership of property is qualified:

1. When it is shared with one or more persons;

2. When the time of enjoyment is deferred or limited;

3. When the use is restricted.

Plaintiff is informed and alleges that Defendants have

Claimed and still claim title to the Property of
Plaintiff and his Spouse, knowing instead that
WendellHarper and Mary-Kathryn Harper,as Trustors
are entrusted with full and complete Title to
said Property in the form and character of a Deed of
Full Reconveyance.

## Deed of Reconveyance FAQ

1. **Q. What is a Deed of Reconveyance?**

   A. A Deed of Reconveyance is a document that transfers title in the real property to the borrower (Trustor) from the Trustee once the borrower has fully paid the debt secured by a Deed of Trust. In order to clear the Deed of Trust from the title to the property, a Deed of Reconveyance must be recorded with the Country Recorder or Recorder of Deeds. If the trustee fails to record a satisfaction within the set time limits, the trustee may be responsible for damages as set out by statute.

2. **Q. Who is the Trustor?**

   A. The Trustor is the debtor, the owner of the property.

3. **Q. Who is the Trustee?**

   A. The Trustee is the person or entity holding title to the property for the benefit of the Beneficiary (e.g., title company, escrow company or bank).

4. **Q. Who is the Beneficiary?**

   A. The Beneficiary is the person or entity (e.g., the bank) who lent the money to the Trustor to purchase the property.

5. **Q. What is a notary public?**

11.  Plaintiff alleges that in relation to the issue of Ownership, Mortgagees on four separate versions, have Declared under notarized Documentation, that Wendell Harper and Mary-Kathryn Harper indeed are the Qualified Owners of Joint Interest in the subject Property.

12. Plaintiff and Spouse's ownershis is based upon a Written Instrument. The Written Instrument(s) to which Plaintiff refers are in the form of A "DEED of FullReconveyance." The Deeds evidence the fact that upon transfer of the subject Property to Plaintiff and his Spouse as "Trustor" and "Payer of Record" the Joint Owners have no further Encumbrances to their ownership.

13. The Deed of Reconveyance pays the debt/loan in full, in each separate Instance; and, any further implication or declaration that the Property has A Mortgage, Note or Lien, or that the Defendants hold Title is Wholly Invalid.

14. Plaintiff submits the Deeds of Reconveyance as Exhibit A, B, C, and D, Deed 1 is noted as a 'SUBSTITUION OF TRUSTEE AND FULL RECONVEYANCE" The Deed of Reconveyance converts the Deed of Trust to Title, once transferred To the Borrowers/Trustor.

The Title is recorded by Homeside Lending, Inc.,

The Instrument No. is 89 19038, Book 14861.

The Title was recorded on January 22, 2002.

**15. The Original Trustee is GUILD MORTGAGE CORPORATION**

The Original Beneficiary "Under that certain Deed of Trust dated January 23, 1989". The Title is in the Official Records of the County of CONTRA COSTA, State of California.

**16. Title 2: 2nd version: The second version of Plaintiff and Spouse's Title is Recorded by Recon Trust Company, N.A.**  *Exhibit B*

The Instrument No. is 2002-033054-00, in Book N/A, page N/A, of official Records of the County of CONTRA COSTA, State of California.

Recon Trust Company is the original Trustee

The "Current Beneficiary" on the Title, at the time, was Bank of New York, as Trustee, by Countrywide Home Loans Inc., as Servicer.

**17.  Title 3. The 3rd version of Plaintiff and Spouse Wendell Harper and Mary-Kathryn Harper's Title of Ownership is recorded on July 21, 2006 by GMAC MORTGAGE CORPORATION.**

The instrument No. is 025937801.

The Trustee on the Title is EXECUTIVE TRUSTEE SERVICE

The Beneficiary at the time was GMAC MORTGAGE CORPORATION  *Exhibit C*

Title 4 The 4th version of Plaintiff and Spouse's Declaration of Ownership is Recorded by PRINCETON RECONVEYANCE SERVICE, on July 24, 2006.

The instrument No. is 2005-0259377.

The Trustee is PRINCETON RECONVEYNANCE SERVICE.

The Beneficiary at the time was PRINCETON ESCROW COMPANY.

Deed 4 was recorded in the Official Records in the office of the County

Recorder, CONTRA COSTA County, State of California.   *Exhibit D*

18. Plaintiff Alleges and Complains of the Said Defendants, each of them,

for dishonoring and failing to disclose their knowledge that Plaintiff and

Spouse held and holds title to said Property. Plaintiff alleges and declares

That at all times herein mentioned, since at least January 22, 2002, have

been owners of the above-referenced Property.

19.  Plaintiff complains and alleges that Deutsche Bank, Ocwen Loans, and

Colony Financial, Inc., took actions adverse to the interests of Plaintiff and

his Spouse, in violation of 15 USC Section 1692e: "A debt collector may not use

any false, deceptive, or misleading representation or means in connection with

the collection of any debt. Without limiting the general application of the

foregoing, the following conduct is a violation of this section:

The false representation of—

   (A) the character, amount, or legal status of any debt; or

The threat to take any action that cannot legally be taken

The false representation or implication that a sale, referral, or other transfer

of any interest in a debt shall cause the consumer to—

(A) lose any claim or defense to payment of the debt; or

(B) become subject to any practice prohibited by this subchapter

20.  The means by which the Defendants came into possession of said Property

and the specific facts constituting detention against the Right of Plaintiff and his

Spouse to Possession of the Property at 4151 MIFLIN CT., EL SOBRANTE, CA

94803, have been outlined through the facts presented in the four versions of

Title related to Ownership of the Property.

21. Plaintifff alleges and declares that his Spouse and He are duly entitled to

Possession of the Property, in addition to Ownership.

22. Plaintiff alleges and Declares upon information and belief, that the

Defendants have enjoyed the financial and real property benefits of their

Actions in seizing possession of said Property by fostering a forged Deed of

Trust, a Forged Notice of Trustee Sale, Unlawful Liquidation and Use of

Assets, and for making false Statements to a Us Bankruptcy Judge and to a

Richmond Superior Court Judge.

22. Defendants have filed false Motions, a Fraudulent Lawsuit, and claimed

The property was sold by the Plaintiff and his Spouse.

**24. Pursuant to § 1026.39 Mortgage transfer disclosures. ,Plaintiff alleges that DeutscheBank, Ocwen Loan Services, each of them as Defendants, did ignore and/or defy the requirements of the above Truth and Lending Section.**

§ 1026.39  Mortgage transfer disclosures.

(a) *Scope.* The disclosure requirements of this section apply to any covered person except as otherwise provided in this section. For purposes of this section:

(1)  A "*covered person*" means any person, as defined in § 1026.2(a)(22), that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, and who acquires more than one mortgage loan in any twelve-month period. For purposes of this section, a servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer holds title to the loan, or title is assigned to the servicer, solely for the administrative convenience of the servicer in servicing the obligation.

A "*mortgage loan*" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

(b) *Disclosure required.* Except as provided in paragraph (c) of this section, each covered person is subject to the requirements of this section and shall mail or deliver the disclosures required by this section to the consumer on or

before the 30th calendar day following the date of transfer.

(1) *Form of disclosures.* The disclosures required by this section shall be provided clearly and conspicuously in writing, in a form that the consumer may keep.

25. The Defendants, each of them, recorded forged documents (Exhibit F)

2.  Declared by recorded documents that the Property had Lien restrictions.

3.  Declared on invalid Loan Documents that they were the Real Party in Interest.(Exhibit ) (G)

4.  Deutsche Bank stated under Penalty of Perjury to the US BANKRUPTCY Court of Judge William F. Lafferty, 111, that the Property was worth only $200,000. (See Exhibit E)

5.  Reached a Purchase and Sale Agreement (Deutsche Bank) with an Unnamed Party or Parties, On April 20, 2011.

6. Did not disclose to Regulatory Agencies or to the Internal Revenue Service The income acquired from the Purchase and Sale Arrangement.

7. Filed no taxes related to the Transfer and/or invalid sale of Plaintiff and Spouse's Property.

8.  Declared to Judge Lafferty and to the unnamed buyer in the Purchase and Sale Agreement that Defendants were aware of the contract agreement and Had engaged in full participation; and, approved of the Deal. *EXHIBIT F*

9.  Cashed three Allonge Notes for $475,000.000 each, when the Property *Exhibit 1-2-3*

They acknowledged was worth only $200,000.

10. Deutsche Bank claimed that it was the "Real Party in Interest on this "Loan", and claimed further the right to acquire a Home Equity Loan and to purchase "Asset-backed Certificates. (Exhibit G)

26. Plaintiff alleges and complains that Deutsche Bank filed a Motion to Lift An Automatic Stay granted to Plaintiff and his Spouse on the Day of their US Bankruptcy case was converted from a Chapter 13 to a Chapter 7 on December 10, 2010. Exhibit E

27. On December 10, 2010, Plaintiff also responded to an order by US Trustee John Kendall, to hand over four Amended Returns that Plaintiff and his Spouse filed for the Tax periods of 2002, 2004, 2005, and 2006. The 1040x Amended Returns were filed on May 01, 2007, in an effort to work with The alleged Lender to pay off our "loan".

28. Based upon the forged Deed of Trust, and forged Adjustable Rate Note, Plaintiff and his Spouse, filed the above bid for bankruptcy Protection to save our home, and introduce our plan to pay off any debt. We were led to Believe, by Deutsche Bank on April 07, 2011, in the courtroom of Judge William F. Lafferty, 111, that Plaintiff and his Spouse owed $553,000. Exhibit E

29. Plaintiff alleges and complains that Deutsche Bank advertised itself as the "Real Party in interest", in violation of Truth in Lending Act § 1026.16 Advertising.

And 15 USC SECTION 1692E.

30. As Exhibit G , Plaintiff notes the statement of Deutsche Bank's Attorney.

Nicolas A. Daluiso, as "Attorney for Secured Creditor, in his "REPLY TO DEBTORS'

OBJECTION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY."

In that reply, Attorney Daluiso States on Lines one through ten,

"Debtor alleges that DEUTSCHE is not the real party In interest. In a somewhat

Confusing Opposition, the Debtor provides information that Mortgage

Electronic Registration Systems (hereinafter "MERS") is not a party in interest.

DEUTSCHE agrees, MERS has never been include in the loan and never

Transferred the interest to another Beneficiary. MERS is not included in the

Original Deed of Trust. DEUTSCHE is the holder of the Note and is the current

Beneficiary under the Deed of Trust. As such DEUTSCHE has standing to bring a

Motion for Relief."

31. Plaintiff alleges and declares that Wendell Harper and Mary-Kathryn Harper

Possessed title to the subject Property since January 23, 2002, and that the

Title never has been endorsed or transferred to any Trustee, Beneficiary or

Individual or corporation.

32. Plaintiff further allege and claims that Defendants, each of them and their

Claims are adverse to the interest of Plaintiff and his Spouse. Plaintiff alleges

That his Spouse and he possess full title to the said Property free and clear,

And as co-owners of Joint Interest, are entitled to unrestricted possession

of said Property. Defendants  have no lawful right to the Property.

33. Plaintiff alleges and complains that on April 07, 2011, in Hearing Room 220,

Beginning At 1:30 Pm, in the Courtroom of Judge William F. Lafferty, Deutsche

Bank, in violation of 15 USC 1692e and 15 USC 10.26-39/1026.16, Deutsche

Bank National Trust Company Declared under Penalty of Perjury that:

   1. The Property at 4151 MIFLIN CT. EL SOBRANTE CA 94803 was in default. Exhibit C

   2. That Plaintiff and his Spouse were in the Debt of Deutsche Bank.

# Fair Debt Collection Practices Act Section 809

## The Threat To Take Action...

## [15 USC 1692e(2)(A) and (5)]

A debt collector may not use any false, deceptive, or

misleading representation or means in connection with the

collection of any debt. Without limiting the general

application of the foregoing, the following conduct is a

violation of this section:

   **(1)**  The false representation or implication that the debt

collector is vouched for, bonded by, or affiliated with the

United States or any State, including the use of any badge,

uniform, or facsimile thereof.

**(2)** The false representation of --

**(A)** the character, amount, or legal status of any debt; or

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

**(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.**

**(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**34. Plaintiff alleges and notes in Exhibit (E) that Deutsche took legal action by filing a Motion In Federal Bankruptcy court against the free and clear interests of Plaintiff and his Spouse, forced to assume the role of Debtors.**

**35. Plaintiff Alleges that on April 18, 2011, US Chapter 7 Bankruptcy Trustee John Kendall, filed a "TRUSTEES REQUEST FOR A NOTICE OF POSSIBLE DIVIDEND".** *Exhibit (D)*

On ~~September~~ APRIL 19, 2011, Trustee Kendall issued to Plaintiff.
Spouse and "ALL INTERESTED PARTIES", That "Notice is
Given that the notice of meeting of creditors advised you
That there were no assets in this case. It now appears that
A payment of a dividend may be possible. Pursuant to
Federal Rule of Bankruptcy 3002 (c) (5), creditors may file
Proofs of claim on or before 7/20/11. *Exhibit L*

36. Plaintiff alleges and has information that On April 20,
2011, Deutsche Bank drafted a Purchase and Sale Contract
While declaring that Plaintiff and his Spouse, as Debtors in
Case No. 10-48255, were part and parcel of the transaction
and gave our full approval.

37. Plaintiff alleges and declares, under penalty of perjury,
That neither Plaintiff nor his Spouse had any knowledge of,
Or participated in the contracted agreement.

38. Plaintiff also alleges and has information that
Defendant Deutsche Bank did the following:

   1. Draft a Purchase and Sale Agreement with an
Unnamed Buyer. *Exhibit F*

   2. Declared that the "Mortgage is a good and valid in-
strument and constitutes a valid lien against the real

property described herein."

   3. Declared that the "Seller is vested with a full and

   Absolute title to said Mortgage and Note and has

Authority to assign and transfer the same which

Are presently free and clear of all encumbrances."

   4. Made the Declaration that the original Principal face

Amount of the Mortgage and Note has been advanced to or

on behalf of the mortgagor, that the mortgagor received

consideration for the Note and Mortgage, and that there

are no defaults existing at the present time under any of

the covenants contained in the said Mortgage and Note.

   5. That the Mortgage and Note were not originated or

Closed in a manner which violated, or not violates, any

Federal, State or Local Laws, ordinances, Regulations or

rulings including, without limitation, Federal and State

Truth-in-lending laws and any other consumer protection

Laws, any applicable state Usury laws, the requirements of

The Real Estate Settlement Procedures Acts of 1974, the

Applicable requirements of the Servicemen's Readjustment

Act of 1974, and the National Housing Act.  *Exhibit F*

38. Plaintiff allege and Declares upon knowledge,

Information and belief, that the Defendants are in

Violation of the Fair Debt Collection Practices Act, Truth-

In-lending and the Real Estate Settlement Act, by

Declaring itself in full compliance with those acts. (# Exhibit F)

39. In violation of the Truth and lending act 1692 E and

USC section 1026.39, Defendant Deutsche Bank made

These Declarations under Penalty of Perjury in this

19 Page Purchas and Sale Contract, Drafted and closed

On April 20, 2011.

    1. "That the seller has no knowledge of any valid legal

Defenses which would adversely affect the collectability

Or enforceability of the Mortgage and Note."

    2. "That the Mortgage and Note documents were

Executed by person(s) purported to be the mortgagor(s)

And contain no forged or unauthorized signatures, and

That the parties named therein were of full age and

capacity to contract." Exhibit F

    3.  That the Note and Mortgage and any other

documents, instruments, or records representing,

evidencing, or relating thereto, are true, correct,

undisputed and reflect full, correct and accurate infor-

mation as to the balance and the status thereof, and

that no credit heretofore has been given the mortgagor(s)

which was gratuitous or was given for a payment made by

an employee or agent of the Seller, or which has arisen

from a renewal granted for the purpose of concealing or

restructuring a delinquency.  Exhibit F

   4. "That the Mortgage and Note are free and clear of the

Claim or defense of usury and free from any set-off, claim,

Counterclaim, or defense of any nature whatsoever; that

no settlement, payment or compromise has been made

with respect to the Mortgage and Note, and that no special

promise or consideration has been made to the

mortgagor."

Plaintiff alleges and is informed that Defendant Deutsche

Bank Declared to the unnamed buyer in this Purchase and

Sale Contract that:

"All other information contained within this Agreement is

True, correct, and accurate, in all respects.  (EK-F)

40. Plaintiff alleges and declares that at all times herein

his spouse and he have held title since 2002 and now.

40. Plaintiff declares and alleges the following:

On April 07, at a Hearing before Judge Randall J NEWSOME, Plaintiff Wendell Harper

And Spouse, as Debtors were notified of an impending change in the sitting Justice.

Because of the conversion of our case, 104255 from a "No Asset", to an, "Asset Case",

Attorney Nicolas A. Daluiso, #163553, filed what he called a "REPLY TO DEBTORS

OBJECTION TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY". (Exhibit #) G

41. On lines 23 through 28, Attorney Daluiso states, on behalf of his client, "Finally, Debtors

Spend much of their response discussing the IRS. DEUTSCHE is unclear why the Debtors feel

This is relevant to this Motion. To the extent the Court finds the information relevant, it

Appears the Debtors are demanding that the IRS pay off this loan. DEUTSCHE can find no

Basis for this theory.

CExhibit #
G

42. In Plaintiff's bid to clarify the "theory", he would submit that this is not "theory", but

The pledge by Debtors to use Tax benefits gained from the full and complete payments of

Our Mortgage loan(s) to pay the debt, which was set at some $553,000. In an Exhibit we

BOFA "Exhibit M"

Will term, "The Bank of America" (Exhibits), "B of A Notes that forms 1099-INT, 1099-

DIV (Dividends and Distributions in chapte r 7 cases), 1098, 1040 and1040 Schedule A must be

filed to substantiate that income has been collected by the Beneficiary and Secured Creditor

(Deutsche Bank), and the forms are required for reporting income and instituting the

withholding by the Payee of Income , Business and Investment Taxes. Part of this

information is entered on Lines 11, 12 and 13 of form 1040 Schedule A. Exhibit M

43. Plaintiff alleges that these tax forms are the basis for proving that the Debtors paid their

Loans, and are entitled to Tax benefits.

(N )

44.  Plaintiff submits Exhibit 3, "2011 Instructions for form 1098, under

"Specific instructions, the directive requires the Secured Creditor, Lender,

or Payee to do the following:

"Use Form 1098, Mortgage Interest Statement, to report mortgage interest

(including points) of $600 or more received by you during the year in the

Course of your trade or business from an individual, including a sole-proprietor.

Also, use Form 1098 to report mortgage insurance premiums of $600 or more

for the calendar year, received by you from an individuals in the course of your

trade or business.  Exhibit N

45. Plaintiff Alleges and complains that, upon information known to him,

from the Internal Revenue Service, and US Bankruptcy Chapter & Case #

10-48255, the above instructions have not been honored or carried out

by the lender.

46. In addition, Plantiff Alleges, for Mortgage requirements, forms 1099-INT,

1098 (above instructions), 1040, and 1040 (Schedule A, Lines 11, 12 and 13)

are still outstanding and have not been filed by Deutsche Bank, Ocwen Loans

and Colony Financial, Inc.

47. Plaintiff further Declares under Penalty of Perjury that not one of the

Required tax forms have been provided either to his Spouse or Himself.

48. Plaintiff complains and alleges that, In violation of internal Revenue Code Section 1398, and Internal Revenue Manual/Bankruptcy Code Section 5.9.6.14, No forms or instructions have been disclosed to Plaintiff or his Spouse by the Defendants, each of them, thereof.

50 . Under the above code and manual requirements, the Lender is obligated to do the following:

5.9.6.14  (03-06-2015)

Bankruptcy Estate Income Taxes – Separate Taxable Entity

   A.  IRC § 1398 contains special provisions for an individual under Chapter 7.

   B.   Individual debtors have the right to terminate their tax year when the petition is filed.

   C.  The Chapter 7 trustee has a duty to file the estate's tax return.

51. Plaintiff Complains and Alleges that the duty of Fiduciary obligation falls to the next line, under  "Bankruptcy Estate and Trusts". The Fiduciary in this case, would be Deutsche Bank. Plaintiff Declares that no tax forms, disclosures or instructions ever have been received by Plaintiff or his Spouse as Debtors and as Payer of Record.

52.  However, a Purchase and Sale Agreement did occur on April

20, 2011, and, the US Trustee indeed did send a "Notice of Possible Dividends" to the Debtors and to the Secured Creditor'.

53. Under provisions of the "Order of Distribution", assets are legally Shared by the parties contained within the Estate and Trust. Plaintiff alleges that Defendant Deutsche Bank is in violation of

53. 5.9.6.13 (03-06-2015) Post-petition Liabilities — Individuals

1. *Rule for Individuals – Chapter 7 Post-petition Debts.* In a Chapter 7 proceeding, the individual debtor is considered to be a separate taxable entity from the estate. Taxes on the individual debtor's post-petition income is incurred by the individual debtor and reported on Form 1040, *U.S. Individual Income Tax Return.* A post-petition income tax liability incurred by an individual debtor in a Chapter 7 proceeding cannot be claimed in the bankruptcy case.

2. Taxes Incurred by the Estate.

   Taxes on income arising from assets which are property of the bankruptcy estate are incurred by the estate and reported on Form 1041, *U.S. Income Tax Return for Estates and Trusts.* Generally, these taxes are incurred when a Chapter 7 trustee liquidates assets of the bankruptcy estate. These taxes may also be incurred by the bankruptcy estates of individuals who file Chapter 11 and the case

subsequently converts to Chapter 7. In either instance, the liability on the Form 1041 is an expense of the bankruptcy estate. The debt is claimable on Form 6338-A, *Request for Payment of Internal Revenue Taxes*, in the bankruptcy case.

54. Plaintiff alleges and complains that Defendant Deutsche Bank has not complied with Internal Revenue Manual and Bankruptcy code:

5. Order of Distribution. The order of distribution in a Chapter 7 case for estate property not subject to liens is established in 11 USC § 726 and is as follows

5.9.6.19 (03-06-2015) Distribution

A. 11 USC § 507 priority claims (includes administrative expenses, post-petition taxes incurred by the estate, including interest on these taxes, and priority tax claims) which are timely filed, or which are untimely filed but meet the filing time frames outlined in IRM 5.9.13.7 , *Bar Dates*.

B. General unsecured claims which are timely filed, or filed late due to lack of notice.

C. Late claims (other than those in items (1) and (2)).

D. Post-petition interest.

E. The debtor receives the remainder of any distribution.

55. Plaintiff alleges that to his knowledge and belief, and he declares, That according to the Purchase and Sale Contract, and liquidation of Assets as affirmed by Judge William J. Lafferty, in his order of April

22, 2013.

53. Plaintiff further alleges that Judge William J. Lafferty 11, in his order,

"DENYING DEBTORS MOTION TO REOPEN CASE", states in paragraph 3:

On March 21, 2011, creditor Deutsche Bank National Trust Company filed a

Motion for Relief from Stay so it could exercise its rights and remedies under

[contract] and applicable law Regarding property at 4151 Miflin Court, El

Sobrante, California, 94803. *Exhibit "O"*

54. The Court Granted the Motion at the hearing held ~~April 7, 2011~~, *August 10, 2011* effective

Once the record reflected that the movant held the note. Documentation in

Support of Deutsche Bank's role as Trustee for Novastar Home-Equity Loan-

Backed Certificates deriving out of the Property was submitted through the

Declaration of David Goss filed May 17, 2011.

55. Plaintiff alleges and Declares that both Debtors Wendell and Mary-Kathryn

Harper were deceived of their rightful acknowledgement of ownership by'

Deutsche Bank's failure to disclose its knowledge that the above-mentioned

Property was truly and legally devoid of any Mortgage or Note since the

Transfer of the Property to his spouse and he, by the Recording of Deed of

Full Reconveyance by GUILD MORTGAGE COMPANY, January 23, 2002.

56. With knowledge true and correct, Plaintiff further alleges and declares

That Deutsche Bank made the following misrepresentation of the facts

1.  In its Purchase and Sale Contract, Defendant stated that the property had no Encumbrances.

2.  Led Judge William Lafferty to believe and state that assets for the Notice of Possible Dividends derived from the above-referenced property.

3.  Said that the property had "no encumbrances, in the Purchase and Sale Contract on April 20, 2011. *CEXhib H F*

4.  Said the Property was in Default in its Motion to Lift Plaintiff and Spouse's Automatic Stay on April 07, 2011.

5.  Caused their witness, David Goss to Declare false statements under Penalty of Perjury, in a formal Declaration entered on May 17, 2011.

6.  While saying the Property was worth only $200,000 and had no equity, on April 07, 2011, told the buyer in the Purchase and Sale Contract that the Property was not in default, and had no encumbrances. *Exhibit F*

7.  Floated Allonge Notes on June 23, 2006, and on May 17, 2011: *Exhibits 1-2-3*

Plaintiff alleges that Defendant Deutsche Bank made these transactions

Without the knowledge or consent of the Plaintiff or his spouse either

As Debtors, borrowers or Trustors.

allonge

Also found in: Dictionary/thesaurus, Financial, Wikipedia.

Allonge

***Additional paper firmly attached to*** Commercial Paper, ***such as a promissory note, to provide room to write endorsements.***
An allonge is necessary when there is insufficient space on the document itself for the endorsements. It is considered part of the commercial paper as long as the allonge remains affixed thereto.
57. It is Plaintiff's allegation and Complaint that his Spouse and he, Since January 23, 2002 to the
Present Day, are owners of the Property above-mentioned and are entitled to Possession Free and Clear. Adverse to the interests of Plaintiff and his Spouse, Deutsche Bank Claimed on April 07, 2011, In US Chapter 7 Bankruptcy Case No. 10-48255 before Judge William J. Lafferty, that Plaintiff and his Spouse were in default of their Mortgage and owed Defendant $553,000.

58. Plaintiff further complains and declares that Deutsche Bank Cashed Allonge Notes using Plaintiff and his Spouse as Unwilling Endorsers, without their knowledge or consent, and without the Authority to cash any Allonge Note. We agree with the analysis Of Attorney Neil Garfield, in his column on the subject of Allonges That the document cannot stand alone:

ALLONGES, ASSIGNMENTS AND ENDORSEMENTS: THE REAL DEAL

Posted on June 4, 2012 by Neil Garfield

Excerpt from 2nd Edition Attorney Workbook, Treatise and Practice Manual

"ALLONGE: An allonge is variously defined by different courts and sources. But the one thing they all have in common is that it is a very specific type of writing whose validity is presumed to be invalid unless accompanied by proof that the allonge was executed by the Payor (not the Payee) at the time of or shortly after the execution of a negotiable instrument or a promissory note that is not a negotiable instrument. People add all sorts of writing to notes but the additions are often notes by the payee that are not binding on the Payor because that is not what the Payor signed. In the context of securitization, it is always something that a third party has done after the note was signed, sometimes years after the note was signed'.

59. Plaintiff Declares, under Penalty of Perjury, that, As Payer of Record in Chapter 7 Bankruptcy and in the Allonge Note Forgery, Plaintiff signed no valid Mortgage Note, Deed of Trust or Allonge after

January 23, 2002.

60. Plaintiff complaints and alleges that Deutsche Bank took out three Allonge Notes of $475,000 each, using the Plaintiff and Spouse as "Payer of Record" The alleged Debt was $553,000, up from $475,000.

61. Plaintiff Alleges and Declares that, to his knowledge and belief and upon Information known to him to be true and submitted, Deutsche Bank National Trust Company acted adversely to the interest of Plaintiff and

his Spouse, by Liquidation of the assets belonging to Plaintiff Wendell Harper

and Mary-Kathryn Harper in case No. 10-48255.

Plaintiff further alleges that Deutsche Bank and the other Defendants, each of

them were party to the accumulation of income using the names, and

equitable rights of Plaintiff and his Spouse to do so.

The Allonge Notes, described as follows:

   1.  Allonge Note 1      Exhibit 1

Dated June 23, 2006

Borrower: Wendell Harper and Mary Harper

Loan # 101537-FC

   2.  Allonge 2:      Exhibit 2

Allonge to Promissory Note

This Allonge is to be made a part of the Note:

Dated: June 23, 2006,

Borrower: Wendell Harper and Mary  Harper

4151 MIFLIN CT. EL SOBRANTE CA 94803

   3.  Allonge 3:      Exhibit 3

Allonge to Note

Original Loan Amount: $475,000

Note Date 06/23/2006

Borrower: Wendell Harper and Mary Harper 4151 Miflin Ct. El Sobrante

60.  Plaintiff alleges that Defendant Deutsche Bank, in consultation and

Conspiracy with Ocwen Loans and Colony Financial, Inc. did record a Forged

"ASSIGNMENT OF DEED OF TRUST' in the office of the County Recorder, County

of CONTRA COSTA, State of California.

61.  The Forged deed was recorded adverse to the ownership interests of

Plaintiff and hisSpouse, as follows:

Exhibit (i):

Recorded on December 03, 2012, at 11:44.00

Prepared by Nadine Alvarez:
When Recorded Mail to:
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
Attorney Code: 24161

62. The following language is contained in paragraph one of the Document

Described above:

"This ASSIGNMENT OF DEED OF TRUST from DEUTSCHE BANK NATIONAL TRUST

COMPANY, AS TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST,

SERIES 2006-4, whose address is c/o Ocwen Loan Servicing, LLC, 1661

Worthington Road, Suite 100, West Palm Beach FL 33409 ("Assignor") to

DEUTSCHE BANK NATIONAOL TRUST COMPANY, AS TRUSTEE FOR NOVASTAR

MORTGAGE FUNDING TRUST, SERIES 2006-4 NOVASTAR HOME EQUITY LOAN

ASSET-BACKED CERTIFICATES, SERIES 2006-4, whose address is c/o Ocwen

Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach

FL 33409 ("Assignee").  For good and valuable consideration, the receipt in

Sufficiency of which is hereby acknowledged, the Assignor does by these

presents hereby grant, bargain, sell, transfer, and set over unto the Assignee,

its successors, transferees and assigns forever, in trust, all of the right, title,

and interest of said Assignor in and to the following deed of trust describing

land therein, duly recorded in the office of the County Recorder of CONTRA

COSTA COUNTY, State of California."  *Exhibit I*

63. Plaintiff alleges and Complains that the Defendants, each of them,

Pursuant to Plaintiff and Spouse's 4 versions of their Deed of Reconveyance

(Exhibits A, B,C, and D), have no right to "bargain, sell, transfer, and set over

to any party, the right of title, or trust.

64. Plaintiff further alleges and Declares, upon his knowledge and belief, and

Information provided to him, notes that the Document is signed by Leticia

Arias, with the Title of "Contract Manager".  *Exhibit I*

It further should be noted that Plaintiff has knowledge that Ms. Arias

has been disqualified as a Notary for similar signings, as shown:

*disqualified* by florida Secretary of State.

1. Are Deutsche Bank & OCWEN Trying To Steal The Home Of A Cancer Victim?
2.

Oct 27, 2014 - A Sordid Tale Of How Deutsche Bank, OCWEN And An

Obsessed Lawyer Are ... What the Etts didn't realize when they closed

their loan was that their ... the Florida Secretary of State suspended

Leticia Arias' notary privileges;

65. Violation of The Truth and Lending Act 15 USC 1692e and

15 USEC 1026.39 – in conducting an Unlawful Foreclosure:

Defendants, each of them, conspired to violate California's foreclosur

Law requirements against Plaintiff and his Spouse:

- Verification of documents: Lenders that record and file multiple
- unverified documents will be subject to a civil penalty of up to
- $7,500 per loan in an action brought by a civil prosecutor. Lenders
- who are in violation are also subject to enforcement by licensing
- agencies, including the Department of Business Oversight, the
- Bureau of Real Estate.
- Enforceability: Borrowers will have authority to seek redress of
- "material" violations of the new foreclosure process protections.
- Injunctive relief will be available prior to a foreclosure sale and
- recovery of damages will be available following a sale. (AB 278, SB 900)

66. Plaintiff alleges and complains that Ocwen Loans indeed did

Prosecute, through its Accomplice, T.D. Service Company, a

Contrived Auction on January 22, 2013.

67. In Reponse to a Complaint Description by Plaintiff on 04/15/2013,

Case No. 130415-001093, Ocwen Loan Servicing's "Ombudsman gave

the following response To the Consumer Financial Protection Bureau

Exhibit (J):

Company's Response 4/30/14

Line 5: "Our records indicate that Ocwen was granted a motion for =

relief and the bankruptcy was later closed.  Ocwen subsequently

foreclosed on the property. Bankruptcy records indicate that the

Motion (by Plaintiff) to reopen the bankruptcy case was closed.

68. Plaintiff alleges and declares that at more fewer than two

Months later, Ocwen loans sent Plaintiff a letter(Exhibit k), dated June

26, 2014. In the fourth graph, the company writes;

"Our records indicate that your loan was paid in full on July, 12, 2006

GMACM  reported your account to the four major credit bureaus as

Closed and paid in full.

Plaintiff alleges and affirms, therefore, that the loan indeed was fully

Paid on all four deeds of trust, including the above-referenced loan

referred to by Ocwen Loans. Plaintiff and spouse are the Owners.

**63. Forged Deed of Trust**

Plaintiff Alleges and **Complains that Colony Financial, in violation of The Truth in**

**Lending Act, 15 USC AND 1026.39, did file a forged Trust Deed Upon Sale with**

**T.D. Service Company as Trustee.**   *Exhibit L*

*Disclosure required.* **Except as provided in paragraph (c) this section, each**

**covered**

**person is subject to the requirements of this section and shall mail or deliver**

**the disclosures required by this section to the consumer on or before the 30th**

**calendar day following the date of transfer.**

   (1) *Form of disclosures.* **The disclosures required by this section shall be**

   **provided clearly and conspicuously in writing, in a form that the consumer**

   **may keep. The disclosures required by this section may be provided to the**

   **consumer in electronic form, subject to compliance with the consumer**

   **consent and other applicable provisions of the Electronic Signatures in**

   **Global and National Commerce Act (E-Sign Act) (15 U.S.C. 7001 *et seq*.).**

   (2) *The date of transfer.* **For purposes of this section, the date of transfer to**

   (3) **the covered person may, at the covered person's option, be either the**

      **date of acquisition recognized in the books and records of the acquiring**

      **party, or the date of transfer recognized in the books and records of the**

      **transferring party.**

**69. Violation of**
**TITLE 12--BANKS AND BANKING**

**CHAPTER 27--REAL ESTATE SETTLEMENT**
**PROCEDURES**

**Sec. 2605. Servicing of mortgage loans and**

**administration of escrow accounts**

**Colony Financial, Inc. Ocwen Loans and Deutsche**

**Bank acted in concert and alternately to disengage**

**Plaintiff and his Spouse from their Property of 24**

**Years.** ( Exhibit V)

**As told by Saxon Mortgages (Exhibit P), the former**

**Servicer forDeutsche Bank National Trust Company,**

**on June 8,2011, in answer to Plaintiff's Qualified**

**Written Request" This loan (20000380690) was**

**originated On June 23, 2006, through First United**

**Home Loans.**

**It was transferred to Novastar Mortgage, Inc, on**

**August 1, 2006. Axon obtained servicing for this**

**Loan from Novastar Mortgage, Inc. on November 1,**

**2007. Saxon is unable to issues related to Novastar**

**Mortgage, Inc. or anything prior to our servicing**

date of November 1, 2007.   *Exhibit P*

Plaintiff Alleges and Complains that Saxon, which

Sold its loan servicing rights to Ocwen Loans on

or about April 18, 2012, knew or should have known

that County Records contain the Documents of

Plaintiff's Exhibits A, B, C, and D.

Plaintiff also Declares and Alleges that no valid

Mortgage, Note or Deed of Trust existed after

January 23, 2008 Indeed the Defendants, each of

them have been aware of the Deeds as Plaintiff has

made demand upon them through the Consumer

Financial Protection Bureau on or about April 15,

2014.

70. In violation of

TITLE 12--BANKS AND BANKING

CHAPTER 27--REAL ESTATE SETTLEMENT

PROCEDURES Sec. 2605. Servicing of mortgage

loans and administration of escrow accounts,

Plaintiff alleges that the Defendants, each of them,

initiated the seizure of Plaintiff and Spouse's

Property on June 23, 2006, prosecuted ~~continued~~ the unlawful process of foreclosure in Chapter 7 Bankruptcy Proceedings on April 07, 2011, and Finalized the swindle on January 22, 2013, counter to the above statute:

"Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be

assigned, sold, or transferred to any other person at any time while the loan is outstanding.

(b) Notice by transferor of loan servicing at time of transfer

(1) Notice requirement

Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

71. The Defendants, Plaintiff Alleges and Declares, knew or should have known at any time before and

since the date of asset seizure and Foreclosure, that
Plaintiff Wendell Harper and Mary-Kathryn Harper
were the Beneficiaries of a legal, lawful Transfer of

Title to them, as confirmed by Ocwen Loans, and
all of the Trustees and Beneficiaries connected to
the four Deeds of Reconveyance.

72.Under California Statutes CIVIL CODE DIVISION 3- OBLIGATIONS
TITLE 14- LIEN Chapter 2- Mortgages Article 1- Mortgages In General:
SECTION 2920-2944.5 , the Defendants are liable in large numbers for
The Decimation of Plaintiff and Spouse's Property and Asset Rights.
The violation of this section shall make the violator liable to the person
affected by the violation for all damages which that person may sustain
by reason of the violation, and shall require that the violator forfeit to
that person the sum of three hundred dollars ($300). - See more at:
http://realestate.uslegal.com/mortgage-satisfaction/california-
assignment-and-satisfaction-of-mortgage-law/#sthash.uJYOhp6x.dpuf

72. Plaintiff Alleges that on January 22, 2013, T. D. SERVICE COMPANY
(as Trustee for Ocwen Loans and Deutsche Bank) And COLONY
FINANCIAL, INC., recorded a "TRUST  DEED UPON SALE", while falsely
Stating that "This conveyance is made pursuant to the authority vested
In said Trustee , as Trustee or as duly appointed Trustee by the Deed of

Trust as follows: Trustor: WENDELL HARPER AND MARY HARPER

The Forged Deed alleged that the "Grantee herein was not the

Foreclosing Beneficiary" and, (2) that the amount of the unpaid debt

Was $605,786.20. ~~EXHIBIT~~    Exhibit L

73. Plaintiff Alleged and Declares that at all times herein mentioned,

Plaintiff Wendell Harper nor Mary Harper did not participate in the

recording of the Forged TRUST DEED UPON SALE". Plaintiff further

alleges and Declares that neither his Spouse or he, approved of, or

made any concessions to any of the Defendants or their accomplices.

74. Plaintiff states and Declares that at all times heretofore and now,

That Plaintiff and his Spouse are the owners of the subject property,

having in hand, completely and without limitation, the provisions of

the Deed of Full Reconveyance (4 versions).

75. Plaintiff and his Spouse fully are duly entitled to repossession of

their unlawfully seized property, and Declare that the Defendants do not

have any lawful right, equitable right, lien, estate or other ownership

claim to the subject property.

76. Plaintiff on November 24, 2014, sent a Qualfied Written Request to

Exhibit

Colony Financial via Certified Mail. The Letter was mailed to 2450

Broadway, 6th Floor, Santa Monica, CA 90404. , pursuant to RESPA,

12, U.S.C. 2605(e). Plaintiff Alleges that he has received no response to the

Letter, among which it requested a copy of the Trust Deed Upon Sale, and

to deny or show cause as to why Plaintiff should not declare it a Forgery.

77. Plaintiff further Alleges that Plaintiff mailed a Qualified Written Request

To Deutsche Bank, declaring that we owned our home, and informing the'

Defendant of our Deeds of Full Reconveyance. We demanded that they

Show Cause as to why we should not repossess our property, and that they

Stole assets belonging to Plaintiff Wendell Harper and Mary-Kathryn Harper,

with Ocwen Loans and Colony Financial, Inc., as Accomplices.

The letter was mailed to the address also used by Ocwen Loans:

300 South Grand Avenue, 41st Floor, Los Angeles, CA 90071. Plaintiff alleges

and notes that a Proof of Claim was mailed to both addresses, but the

large Envelope we  mailed to the Defendant, was returned by the U.S. Postal

Service as "Undeliverable at this address".  (Exhibit S)

78. On December 04, 2012, the Qualified Written Request, sent by Certified

Mail, was returned as "Undeliverable", although the envelope had been opened

At both ends.

79. Plaintiff Alleges and Complains that the Defendants, each of them, have

Taken Foreclosure and other actions adversely to the interest of Plaintiff

Wendell Harper and his Spouse, in violation of RESPA, and the Truth in Lending

Act.

## TITLE 12--BANKS AND BANKING

## CHAPTER 27--REAL ESTATE SETTLEMENT PROCEDURES

## Sec. 2605. Servicing of mortgage loans and administration of escrow accounts

(a) Disclosure to applicant relating to assignment, sale, or transfer of loan servicing Each person who makes a federally related mortgage loan shall

disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.

80. Plaintiff alleges that the Defendants, each of them, are wholly liable for acting adversely to the Interests of Plaintiff and his Spouse, under the provisions of the above RESPA statute.

**Damages and costs**

**Whoever fails to comply with any provision of this section shall be**

**liable to the borrower for each such failure in the following amounts:**

**(1) Individuals**

**In the case of any action by an individual, an amount equal to the sum of--**

**(A) any actual damages to the borrower as a result of the failure; and**

**(B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.**

**Plaintiff further alleges that all three Defendants are partners as agents of foreclosure, asset seizure and failure to disclose the facts. Each displays a pattern and practice of seizing property and seizing Assets of Homeowners, without the requisite Title to claim the equitable right to do so.**

81.  In his Class Action Amended Complaint against Deutsche Bank, Whittaker V.

Deustche Bank, (CASE NO.108CV3000) Attorney James Rosenthal alleged that

Deutshce Bank has a "pattern and practice of filing foreclosure actions in state

And federal courts without the requisite legal title, falsely stating that it had

Such Title.

82. While this is not a Class-Action, it is Plaintiff's Amended Complaint, filed

against Deutsche Bank, for the same or similar allegations, and Plaintiff also

alleges that in the Case of his spouse and Plaintiff, all three are wedded to

the pattern and practice so outlined above.

83. After laying improper and unlawful foundation for the Foreclosure, with

the aid of then Servicer Saxon Mortgage and would-be Lender First United

Home Loans, the fact that neither Defendants or their servicers had the right

To Plaintiff and his Spouse's Title, Possession, or Assets.

84. After the foundation was initiated, Deutsche Bank, upon intervening in

the Fraudulent Loan Process already in Motion, without establishing any right

whatsoever, filed untimely Assignments and transfers and claimed the right,

free and clear, to the subject Property of Plaintiff and his Spouse, while insisting

that the "Borrowers" were voluntarily involved in the process throughout.

85. Having established the Business partnership of the Defendants, each of

them with the other, Plaintiff alleges that the Defendants, each of them, were

responsible not only for the foreclosure and seizure of assets, but also for

recording forged deeds.   EXHibiT 丑 I - ExhibiT R

86. Quoting from the "California assignment and satisfaction of mortgage law",

Plaintiff alleges that while knowing of, and being obliged by law to honor these

requirements, the defendants each of them, failed to do the following.

"Assignments Generally: Lenders, or holders of mortgages or deeds of trust,

often assign mortgages or deeds of trust to other lenders, or third

parties.  When this is done the assignee (person who received the assignment)

steps into the place of the original lender or assignor.  To effectuate an

assignment, the general rules is that the assignment must be in proper written

format and recorded to provide notice of the assignment. "- See more at:

http://realestate.uslegal.com/mortgage-satisfaction/california-assignment-and-
satisfaction-of-mortgage-law/#sthash.TzqazJkq.dpuf

87. As stated in the law above-referenced, "When the note with a deed of trust

Is satisfied, the beneficiaries are required to: The purpose of this requirement is

to provide the trustors the proof they need to be sure the debt

has been fully paid and free them from the liability if the original note was

transferred to a bonafied purchase for value. [99 Cal. App.3d 477).

88. It is the allegation and complaint of Plaintiff that the Defendants, each of

The, willfully and knowingly declined to acknowledge that Mortgagees did

record the Title, and deliver it to the office of the recorder of Contra Costa

County, neither Plaintiff or his Spouse ever were informed of these facts by

mail, telephone communication, or by personal delivery.

89. Instead, foreclosure actions resulting in the forging of a Deed of Trust,

while acting on the Pretense that no Deed of Full Reconveyance was in the

Property Records held by the County Recorder.

Instead, on January 22, 2013, Colony Financial, Inc. recorded two

versions of a forged "Trustee's Deed Upon Sale", when only one is required,

and must be timely filed.

90. On the above date, Defendant COLFIN A1-CA R, LLC (COLONY

FINANCIAL, INC., recorded the first Forged Deed. Near the top of the page,

In the right-hand corner, where the County Recorder's official seal usually

Is stamped, the window was stamped with the following: (EX hibit R)

"COPY of Document Recorded 1/22/13, 20130016923 Has not been compared

With original. Original will be returned when processing has been completd.

*Contra Costa* COUNTY REGISTRAR-RECORDER'.

91. Plaintiff alleges that the document not only was untimely filed, but was no

more than another phase in the plan to commit forgery and fraud.

On the Document, Defendant writes: "The undersigned declares under penalty

Of perjury that the following declaration is true and correct

1. The Grantee herein was not the foreclosing Beneficiary.
2. The amount of the unpaid debt together with costs was $605,786.20
3. The amount paid by the Grantee at the Trustee's Sale was $166,000.00

As to the Beneficiary: beneath the Date and signature of a representative for

T.D. SERVICE COMPANY, on the following line are the words T.LS. NO. FS11215
CA   Unit Code: F Loan No. 7110435513.   Exhibit R

This Loan No. was assigned to Plaintiff and his Spouse by Ocwen  Loans  on or

Shortly after April 18, 2012, when Saxon Mortgage Transferred Servicing rights

To Ocwen Loans. Ocwen listed its assigned Loan No.  as 2000380690; it listed

The "Ocwen Loan Number" as "7110435513.

82. Plaintiff alleges that, according to the evidence, Ocwen executed the

Foreclosure, and T.D. SERVICE COMPANY conducted the pretense of an auction,

while all three wrote that: This conveyance is made pursuant to the authority

vested in said Trustee, as Trustee or as duly appointed Trustee by the Deed of

Trust Described as follows: Trustor: WENDELL HARPER, MARY HARPER.

83. Plaintiff alleges that the Defendants sought to make the sale appear

Voluntary, and gave the authority and approval to sell to the Defendants.

92. **Void Deeds:** As has been stated and shown, Deutsche Bank and Ocwen

Loans "routinely filed suit against class-members and on many occasions

Received distributions from the sale of their properties without possessing

Legally enforceable, recorded assignment of mortgages from the actual

Mortgagees ( Attorney James Rosenthal, Column on subject of Deutshche

Bank in the case of Whittaker V. Deutsche Bank)."

92.  Plaintiff alleges that the same or similar acts occurred during the

Chapter 7 US BANKRUPTCY Case of Wendell Harper and Mary-Kathryn

Harper, as Debtors; but the "lender" at the outset of the case was Saxon

Mortgage. Without warning or knowledge, the role of Secured Creditor

allegedly was transferred to Deutsche Bank.  *EXHIBIT* ̶

93. Plaintiff alleges that is much more than a suspicion, but proven that;

Deutsche Bank had the opportunity to file a Proof of Claim, the result of

A "NOTICE OF POSSIBLE DIVIDEND" distributed by Trustee John Kendal

On April 21, to Plaintiff and Spouse as Debtors and to "ALL INTERESTED

*Exhibit (J)*

PARTIES". However, the following occurred on April 21, 2011, in case No.

10-48255: Plaintiff and his Spouse, as Debtors, received a notice from:

"United States Bankruptcy Court, Northern District of California".

94. The notice said: "TO THE DEBTOR" The attachment could not be mailed

To the notice recipients listed below because the United States Postal Service

(USPS) has determined that those addresses in the case mailing list are

Undeliverable. Please be advised that dischargeability of a debt may be affected

If a creditor fails to receive certain notices. You should determine whether an

address should be updated". EXHIBIT S

95. Plaintiff declares under penalty of perjury, that about May 0?, 2011, Plaintiff

Sent a Proof of Claim to Deutsche Bank, along with the Court's notice. However,

Deutsche Bank did not respond, in the same manner as when Plaintiff's

Qualified Written Request to the Defendant was returned on December 0?,

2012 as "Undeliverable at this address", by notice of the United States Postal

Service".

96. Plaintiff alleges that Deutsche Bank did not file a Proof of Claim because it

  1) Knew it didn't have title to the property or right to the dividend and

  2) Already had contracted with an unnamed party on April 20, 2011 in a

Purchase and Sale Contract, naming Plaintiff and his Spouse as the Unknowing

and unwilling participants in approving the deal.

97. Plaintiff alleges and Declares that the Defendants Deutsche Bank and

Ocwen Loans, failed to report income from the transfer and sale of our property

and from the liquidation of the assets belonging to Plaintiff and his Spouse.

COUNTS

## COUNT ONE
'VIOLATION OF U.S.C. 151692(E)
### 15 U.S. Code § 1692e - False or misleading representations

97. Defendants Deutsche Bank failed to acknowledge, honor, or recognize the

Satisfaction of Mortgage and Deed of Full Reconveyance, transferred to

Plaintiff and his Spouse on January 23, 2002. Knowing that the Title was in

the record, Defendant knowingly and willingly refused to disclose its

knowledge, causing Plaintiff and his Spouse great financial damage and

Libeling the good name of Plaintiff and his Spouse by:

1 Recording a Deed of Trust that was Null and Void. Of Forged Deeds, the

California Assignment and satisfaction of mortgage law refers to such void

Deeds as: "Deeds that are void and pass no title in favor of a bona fide

Purchaser for value". This includes:

    a) Forged Deeds (medley v. collins, 41 Cal 663.

    b) A deed executed in blank, where the name of the grantee has been

Inserted without authorization or consent of the grantor (Trout v. Taylor

Cal Taylor, 662,

Exhibit A, in Plaintiff's Civil Complaint, shows that the 1st Deed never has

Been acknowledged. Defendant Deutsche Bank was fully aware of this fact,

Yet proceeded with a forged Mortgage Note, Deed of Trust, and with a Purchase

and Sale Contract binding the Plaintiff and his Spouse as willing grantors.

15 U.S. Code § 1692e - False or misleading representations says that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

3.  The threat to take any action that cannot legally be taken or that is not intended to be taken.

4. 6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—

(A) lose any claim or defense to payment of the debt; or

(B) become subject to any practice prohibited by this subchapter

5. The use of any false representation or deceptive means to collect or attempt

to collect any debt or to obtain information concerning a consumer.

6. The false representation or implication that documents are legal process.

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to

comply with any provision of this subchapter with respect to any person is

liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

   (A)in the case of any action by an individual, such additional damages as

the court may allow, but not exceeding $1,000;

## COUNT TWO
Violation of 12 U.S. Code § 2605 - Servicing of mortgage loans and
administration of escrow accounts; 15 U.s.c 1692 (e)

98. Disclosure to applicant relating to assignment, sale, or transfer of loan

Servicing.

Each person who makes a federally related mortgage loan shall disclose to

each person who applies for the loan, at the time of application for the loan,

whether the servicing of the loan may be assigned, sold, or transferred to any

other person at any time while the loan is outstanding.

99. Plaintiff alleges that the mortgage obligation of his spouse and he was fully

paid as of January 23, 2002 Exhibit B).  The Defendants, each of them, misled

Plaintiff and his Spouse into believing they were had a Mortgage and Note.

The Defendants, each of them, conspired to void title, seize assets and

Possess the Property of Wendell Harper and Mary-Kathryn Harper.

Whoever fails to comply with any provision of this section shall be liable to the

borrower for each such failure in the following amounts:

(1) Individuals

In the case of any action by an individual, an amount equal to the sum of—

(A) any actual damages to the borrower as a result of the failure; and

(B) any additional damages, as the court may allow, in the case of a pattern or

practice of noncompliance with the requirements of this section, in an amount

not to exceed $2,000.

**COUNT THREE**

VIOLATION OF 12 U.S. Code § 2605 - Servicing of mortgage loans and
administration of escrow accounts

Each person who makes a federally related mortgage loan shall disclose to

each person who applies for the loan, at the time of application for the loan,

whether the servicing of the loan may be assigned, sold, or transferred to

any other person at any time while the loan is outstanding.

Plaintiff alleges that since January 23, 2002, his Spouse and he have been

Co-owners of Joint Interest in the subject Property.

each of them, forged a Mortgage, Note, and Deed of Trust in Conspiracy with

each other, causing Plaintiff and his Spouse great financial harm by:

Forcing them to continue making and paying off loans.

Forcing them to make payments on those loans without reducing the interest

Or Principal, and in violation of the California mortgage satisfaction Law.

100. Plaintiff alleges that the Mortgage Loan was fully paid off by January

23, 2002 (Exhibit C).

Damages and costs

Whoever fails to comply with any provision of this section shall be liable to the

borrower for each such failure in the following amounts:

(1) Individuals

In the case of any action by an individual, an amount equal to the sum of—

(A) any actual damages to the borrower as a result of the failure; and

   (C)any additional damages, as the court may allow, in the case of a pattern
      or
practice of noncompliance with the requirements of this section, in an amount

not to exceed $2,000.

COUNT FOUR

VIOLATION OF 12 U.S. Code § 2605 - Servicing of mortgage loans and
administration of escrow accounts

   (a) Disclosure to applicant relating to assignment, sale, or transfer of loan

servicing

Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.

101. Plaintiff alleges that the Defendants, Deutsche Bank, Ocwen Loans, and Colony Financial, Inc, acting in their own interests, did forge a Mortgage, Note and Deed of Trust despite knowledge that Plaintiff's Mortgage had been Fully Paid and the Debt satisfied since January 23, 2002. Yet, the Defendants, Each of them, conspired in forcing Plaintiff and his Spouse to continue Making Payments and making  further loan Obligations until eviction.

Damages and costs

Whoever fails to comply with any provision of this section shall be liable to the *borrower for each such failure in the following amounts:*

(1) Individuals

In the case of any action by an individual, an amount equal to the sum of—

(A) any actual damages to the borrower as a result of the failure; and

(B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

## COUNT FIVE

## VIOLATION OF 15 USC 1692 f – Unfair Practices

102. In attempting to collect a debt that was not, and is not in evidence, Plaintiff is alleging that the Defendants, each of them used unfair and unconscionable means to collect money from Plaintiff and his Spouse, by unlawfully claiming that they were entitled to collect large sums of money due to the neglect and deficiency of Plaintiff and his Spouse to pay a Mortgage Debt.

'"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

103.  It is Plaintiff's Allegation that the Defendants, each of them, took Nonjudicial action to affect dispossession of the Property and Assets of Plaintiff and his Spouse by:

    1.  Ocwen Loans and Deutsche Bank each posting a "NOTICE OF DEFAULT" on the Property of Plaintiff Wendell Harper and Spouse Mary-Kathryn Harper

    2.  Collecting more than $2,000,000, during Bankruptcy Proceedings by

    (a) Cashing 3 Allonge Notes on June 23, 2006.

    (b) Cashing the same Allonge Notes on April 20, 2011 and May 17, 2011.

    (c) Contracting a Purchase and Sale Agreement, while insisting that the Plaintiff and his Spouse were "Payer of Record".

    (d) Declaring forged Deeds to be true and correct under Penalty of Perjury (E.G. an ASSIGNMENT OF DEED OF TRUST ON December 03, 2012, A NOTICE OF TRUSTEE SALE ON June 29, 2009.  A 'TRUSTEE'S DEED UPON SALE"; and, an UNLAWFUL DETAINER, in violation of CCP 1160.

104. Pursuant to § 813.  Civil liability  [15 USC 1692k], Defendants are liable Under the following provisons:

    (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of --

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors --

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

(b) A debt collector may not be held liable in any action brought under this

(c) title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

(d) An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

(e) No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Commission, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.\

## COUNT SIX

Violation of 15 USC 1692 e and f  UNLAWFUL FORECLOSURE

debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the

foregoing, the following conduct is a violation of this section:

As Plaintiff alleges, the subject property has no securitized trust and the

Defendant(s) claim Of proprietorship is without merit or standing. Plaintiff alleges further that the Defendant(s)

did not have standing to foreclose on the property because the promissory note and deed of trust were not valid. With The Deeds of Full Reconveyance firmly in their possesion, Plaintiff and his spouse are the Qualified owners in Joint interest of the subject Property situated at 4151 Miflin Ct, El Sobrante CA.

106. Under California's Mortgage Satisfaction Law, 2939. "A recorded mortgage must be discharged by a certificate signed by the mortgagee, his personal representatives or assigns, acknowledged or proved and certified as prescribed by the chapter on "recording transfers," stating that the mortgage has been paid, satisfied, or discharged. Reference shall be made in said certificate to the book and page where the mortgage is recorded.

- See more at: http://mortgages.uslegal.com/satisfaction/california-assignment-and-satisfaction-of-mortgage-law/#sthash.BSl3UY2B.dpuf

107. The Defendants declined to accept any offer to satisfy the mortgage, Since each of them fully were aware that Plaintiff and his Spouse had Satisfied the obligations of their Mortgage and Note on Five Separate Occasions of full payment of their obligation.

## COUNT SEVEN
## VIOLATION OF RESPA 2605; 15USC 1692e/f

The Real Estate Settlement Procedures Act (RESPA) was enacted to protect consumers and primarily requires mortgage lenders, servicers, and brokers to provide borrowers with certain disclosures regarding the nature and costs related to the purchase of real estate. While RESPA contains many protections for consumers, the section that may be most useful for borrowers facing foreclosure is Section 6, which pertains to qualified written requests.

Plaintiff Wendell Harper made concerted efforts to contact each Defendant through Qualified Written requests, as outlined in Plaintiff's Statement of Facts contained in his Civil Complaint. Plaintiff took Actions by doing the following:

(a) Sending a Proof of claim to Deutsche Bank National Trust Company on May 02, 2011 during the case of No. 10-48255, US Bankruptcy Chapter 7, but got no response. In addition, no Proof of Claim ever was filed.

(b) Filing five amended returns before the trial, each Requiring the Defendants, each of them, to file tax Returns.

(c) Surrendering four 1040x amended Returns to US

Chapter 7 Trustee John Kendall.

(c) Sending a Qualified Written Request to Deutsche

Bank and Colony Financial, while getting no response.

In lieu of seeking to clarify this clear dispute at

The time, the Defendants conspired to use an Unlawful

Detainer to Evict Plaintiff and his Spouse from their

home of 24 years, in violation also of CCP 1160. (EXHIBIT

U)

1160.  Every person is guilty of a forcible detainer

who either:

1. By force, or by menaces and threats of violence,

Unlawfully holds and keeps the possession of any real

property, whether the same was acquired peaceably or

otherwise; or,

2. Who, in the night-time, or during the absence of

the occupant of any lands, unlawfully enters upon real

property, and who, after demand made for the surrender

thereof, for the period of five days, refuses to

surrender the same to such former occupant.

The occupant of real property, within the meaning of

This subdivision, is one who, within five days

preceding such unlawful entry, was in the peaceable and undisturbed

'possession of such lands.

## Damages for RESPA Violations

If the servicer fails to take one of the required actions within the time limit, under

RESPA a borrower may recover:

- any actual damages suffered by the borrower
- if there is a pattern or practice of servicer noncompliance, additional damages
  not to exceed $2,000, and
- attorneys' fees and costs. 12 U.S.C. §§ 2605[f][1], 2605[f][3].

The statute of limitations for violations is three years. 12 U.S.C. § 2614.

RESPA does not prohibit the lender from initiating or moving forward with a

foreclosure. Even while a QWR is pending, the servicer may still pursue any of its

available remedies, including foreclosure, if the borrower has

defaulted on the mortgage loan. 24 C.F.R. § 3500.21[e][4][ii].

109. The Plaintiff Declares, under Penalty of perjury, that his Spouse and he

had neither lien, mortgage, note or Deed of Trust legally levied against the

Property. The foreclosure was conducted with full objection from the Plaintiff

And his spouse. The Defendants, upon filing an Unlawful Detainer, made false

Declarations under penalty of perjury.

COUNT EIGHT

# CODE OF CIVIL PROCEDURE
# SECTION 564-570 – Appointment of A Receiver

564.   (a) A receiver may be appointed, in the manner

provided in this chapter, by the court in which an

action or proceeding is

pending in any case in which the court is empowered by

law to appoint a receiver.

b) A receiver may be appointed by the court in which an

action or proceeding is pending, or by a judge thereof,

in the following cases:

(3) After judgment, to carry the judgment into effect.

(4) After judgment, to dispose of the property

according to the

judgment, or to preserve it during the pendency of an

appeal, or pursuant to the Enforcement of Judgments Law

(Title 9 (commencing with Section 680.010)), or after

sale of real property pursuant to a decree of

foreclosure, during the redemption period, to collect,

expend, and disburse rents as directed by the court or

otherwise provided by law.

   (9) In all other cases where necessary to preserve

the property or rights of any party.

Plaintiff alleges that all of the costs incurred by

His spouse and he, are contingent on much further

Disclosure by the Defendants, each of them, in:

1. The Transfer  or Sale of the above property with

Each loan.

2. The Trustees "NOTICE OF POSSIBLE DIVIDENDS" sent

To the Secured Creditor and The Debtor in Chapter 7

Bankruptcy Case No. 10-48255".

3. Disclosure as to the Source and amount of funds

Occurring in the Chapter 7 Bankruptcy Asset
Liquidation.

4. The status of the 1040x Amended Returns Submitted

To Trustee John Kendall.

5. The proceeds from Defendant Deutsche Bank's

Purchase and Sale Agreement on April 20, 2011.

6. The accruing of Principal, penalty and compounded

Interest from Plaintiff's entitlement to Mortgage

interest, Principal, and points, none of which has been

paid to Plaintiff and his Spouse and the amounts have

not been disclosed.

110. The court  has jurisdiction over bankruptcy cases.

111. This court has jurisdiction Pursuant to 28 U.S. Code § 1334 - Bankruptcy cases and proceedings

. a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

112. Under US Bankruptcy Law, the case No. 10-48255 cannot be closed Officially without the issuance of a Final decree by the Trustee. The Trustee, Trustor, Nor Secured Creditor have resolved Estate Tax issues, nor has the Trustee or Beneficiary Reported the amount of dividends, or receipts from Purchases and Sales. Defendants, each of them, have not disclosed the full Amount of income, or Taxes owed. The obligation falls to the US District Court.

(a) Except as otherwise provided in this section, the trustee, with the

(b) \court's approval, may employ one or more attorneys, accountants appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons,

to represent or assist the trustee in carrying out the trustee's duties under this title.

(c) If the trustee is authorized to operate the business of the debtor under section 721, 1202, or 1108 of this title, and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if necessary in the operation of such business.

(d) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

(e) The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.

(f) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

(g) The trustee may not employ a person that has served as an examiner in the case.

## PRAYER FOR RELIEF

Wherefore Plaintiff Prays Judgment in his favor, and for the following relief.

(1) Under Count one, An order that Defendants  must Divest Any interest in the Property and Assets of Plaintiff and his Spouse and awarding Plaintiff and his Spouse Actual damages and other Compensatory relief as the court deems proper; and Tripling the amount  of Damages.

(11) Under Count Two, an order that Defendants must Divest any interest in The Real Property and in the Real Property of Plaintiff and his Spouse and Awarding Plaintiff and his Spouse Actual Damages and other Compensatory relief as the court deems proper.

(111)  Count three: an order that Defendants must Divest any Interests in the Real Property of Plantiff and his Spouse and awarding Plaintiff and his Spouse Actual Damage and other Compensatory relief as the court deems Proper and Tripling the amount Damages.

(1V)  Count Four: an order that Defendants must Divest any interest in the Real Property of Plaintiff and his Spouse and awarding and Spouse Actual Damages and other Compensatory Relief as the Court Deems Proper and

Tripling the amount of Damage.

(V) Count Five: an order that Defendants must divest of all Assets acquired in The US Chapter 7 Bankruptcy Proceeding, and that Plaintiff and his Spouse be awarded Actual Damages and other Compensatory Relief as the Court Deems fitting and Proper and Tripling the Amount of Damages.

(vi) Count Six: An order awarding Punitive and Compensatory Damages to Plaintiff and his Spouse, in the unlawful foreclosure action, and other relief as the court deems proper.

(VI) Count Six: An order awarding Actual and Punitive Damages to Plaintiff and his Spouse for Defendants Unlawful Foreclosure and other Compensatory relief as the court Deems Proper.

(V11) Count Seven: An order awarding Actual, Punitive and Compensatory Damages to Plaintiff and his Spouse for the Personal and Real Property Losses they suffered after the foreclosure.

(V111) Count Eight: That the court order the case remanded to the US BANKRUPTCY CHAPTER 7 court in order that the full amount of The proceeds and receipts may be disclosed and disbursed appropriately. And, an order that a receiver be appointed to conduct the necessary Investigation and inquiry.

Signed _____ Pro Se

**Wendell Harper**

**39270 Paseo Padre Parkway #445**

**Fremont CA 94538**

510 262-9128