UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL HARPER,<br><br>    Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-15-0889 EMC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Docket No. 10)** |

    Previously, the Court granted Plaintiff Wendell Harper's motion to proceed in forma pauperis but dismissed his complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). *See* Docket No. 11 (order adopting report and recommendation). Mr. Harper has now filed an amended complaint, which the Court against reviews pursuant to § 1915(e)(2).[1] *See, e.g.*, *Bey v. City of Oakland*, No. 14-cv-01626-JSC, 2015 U.S. Dist. LEXIS 53612 (N.D. Cal. Apr. 23, 2105) (reviewing second amended complaint under § 1915(e)(2)). Having considered the amended complaint, the Court concludes that Mr. Harper has failed to state a claim for relief and therefore dismisses the amended complaint in its entirety. Mr. Harper, however, has leave to amend as to one cause of action only, as described below.

---

[1] Mr. Harper had until April 24, 2015, to file his amended complaint. Because Mr. Harper filed the amended complaint six days late, the Court could decline to consider it. Nevertheless, in the interest of justice, the Court shall review the amended complaint to determine whether the case should proceed on the merits. The Court thus **GRANTS** Mr. Harper's motion for an extension of time to file an amended complaint. *See* Docket No. 12 (motion).

## I. FACTUAL & PROCEDURAL BACKGROUND

Mr. Harper's sixty-eight page amended complaint is not a model of clarity. However, the basic thrust of the pleading appears to be as follows.

As alleged, Mr. Harper and his wife were the owners of certain real property located in El Sobrante, California. *See* Compl. at 3-6. The Harpers were the owners since at least January 22, 2002. *See* Compl. at 7 & Ex. A (substitution of trustee and full reconveyance). Although the Harpers owned the property, they were deprived of their ownership rights because of an unlawful foreclosure.

The foreclosure was based on a purported default by the Harpers on a June 2006 promissory note secured by a deed of trust on the real property at issue. But, according to Mr. Harper, the promissory note and deed of trust were forged – more specifically, by DB. *See* Compl. at 8, 11-13 & Ex. E (DB motion filed in bankruptcy court).

In 2010, the Harpers filed bankruptcy, presumably because (at least in part) DB was asserting that the Harpers were in default on the loan. Initially, the bankruptcy was a Chapter 13 proceeding but, subsequently, it was converted to a Chapter 7 proceeding. *See* Compl., Ex. E (DB motion filed in bankruptcy court). During the bankruptcy, DB moved for relief from the automatic stay so that it could exercise its rights and remedies under the promissory note and deed of trust. *See* Compl., Ex. E (DB motion filed in bankruptcy court). The motion was granted. *See* Compl., Ex. O (bankruptcy court order). In June 2012, the Harpers were discharged from bankruptcy. *See In re Harper*, No. 10-48255 (N.D. Cal. Bankr. Ct.) (Docket No. 53) (discharge of debtor and final decree).

In or about January 2013, the property at issue was sold through a trustee's sale. *See* Compl. at 31-32 & Ex. R (trustee's deed upon sale). The purchaser of the property was Defendant Colony Financial Inc. Defendant Ocwen Loans appears to have been named in the lawsuit as the servicer of the alleged loan who "[p]rosecute[d] the foreclosure by assigning a Trustee." Compl. at 2 & Ex. J (communication history between Ocwen and the Harpers).

## II. DISCUSSION

Mr. Harper has asserted eight claims in his amended complaint. The Court addresses each of these claims in turn. "Regarding dismissals for failure to state a claim, [28 U.S.C. §] 1915(e)(2)

parallels the language of Federal Rules of Civil Procedure 12(b)(6)." *Bey v. City of Oakland*, No. 14-01626-JSC, 2015 U.S. Dist. LEXIS 53612, at *7 (N.D. Cal. Apr. 23, 2015). Under Rule 12(b)(6),

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice [to state a claim for relief]." Furthermore, a claim upon which a court can grant relief must have facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* at *7-8 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A.  Count One

In Count One, Mr. Harper claims a violation of 15 U.S.C. § 1692e. Section 1692e is part of the Fair Debt Collection Practices Act ("FDCPA"). It provides in relevant part that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The act is violated where there is, *e.g.*, a false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e(2)(A). There is a one-year statute of limitations for a claim brought pursuant to the FDCPA. *See id.* § 1692k(d) (providing that "[a]n action to enforce any liability created by this title [§ 1692 *et seq.*] may be brought in any appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurs").

The Court concludes that Mr. Harper has failed to state a claim for relief because, on the face of the amended complaint, the FDCPA claim is time barred. At the latest, the claim accrued by January 2013 when the real property at issue was sold. However, Mr. Harper did not file this lawsuit until more than two years later.

The Court also notes that there are insufficient allegations in the complaint to support either Colony Financial or DB being a debt collector. *See* 15 U.S.C. § 1692a(6) (defining debt collector as "any person why uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect,

directly or indirectly, debts owed to or due or asserted to be owed to another"); *id.* § 1692a(6)(A) (providing that the term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor"); *see also Lohse v. Nationstar Mortg.*, No. 14-cv-00514-JCS, 2014 U.S. Dist. LEXIS 148858, at *22 (N.D. Cal. Oct. 20, 2014) (stating that "a plaintiff alleging a proper FDCPA claim must allege that the defendant engaged in an[] action beyond statutorily mandated actions for non-judicial foreclosure")  (internal quotation marks omitted).

B.  <u>Counts Two Through Four</u>

In Counts Two through Four, Mr. Harper pleads a violation of 12 U.S.C. § 2605(a).  Section 2605(a) is a part of the Real Estate Settlement Procedures Act ("RESPA").  It provides as follows: " Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding."  12 U.S.C. § 2605(a).

Mr. Harper has failed to state a claim against either Ocwen or Colony Financial because there are no allegations in the amended complaint that either company made a loan to Mr. Harper or his wife.  As for DB, Mr. Harper claims that it misled him and his wife "into believing they . . . had a Mortgage and Note" with DB, Compl. at 51, but that has nothing to do with whether there was a disclosure that servicing of the loan could be assigned, sold, or transferred.  Accordingly, the Court dismisses the RESPA claim against DB as well.

C.  <u>Count Five</u>

In Count Five, Mr. Harper asserts a violation of the FDCPA again.  This time Mr. Harper contends that Defendants violated 15 U.S.C. § 1692f which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f. The specific provisions that Mr. Harper cites are as follows:

> [T]he following conduct is a violation of [§ 1692f]:
>
> (1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless

>        such amount is expressly authorized by the agreement creating
>        the debt or permitted by law.
>
>    . . . .
>
>    (6)   Taking or threatening to take any nonjudicial action to effect
>          dispossession or disablement of property if –
>
>          (A)   there is no present right to possession of the property
>                claimed as collateral through an enforceable security
>                interest . . . .

*Id.* § 1692f. For purposes of § 1692f(6) only, the term "debt collector" "includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.* § 1692a(6).

For reasons similar to those discussed above, *see* Part II.A, *supra*, Mr. Harper has failed to state a claim for relief because the FDCPA claim is time barred. Moreover, with respect to Colony Financial and DB, there are no allegations to support either company being a debt collector, even with the expanded definition of debt collector for purposes of § 1692f(6).

D.     Count Six

In Count Six, Mr. Harper asserts a claim for wrongful foreclosure. Although Mr. Harper confusingly cites to California Civil Code § 2939, which addresses the discharge of a recorded mortgage, the point underlying the claim seems to be that Defendants illegally foreclosed on the real property because the promissory note and deed of trust were forged. At this juncture, however, Mr. Harper has simply alleged in conclusory terms that the note and deed were forged; he has not explained how. For example, is he claiming that the Harpers' signatures on the documents were forged? Also, the circumstances of the alleged fraud are not clear. For instance, was the purported original lender for the note and deed – *i.e.*, First United Home Loans – the source of the alleged fraud? Without more specific factual allegations about the allegedly forged note and deed, Mr. Harper has failed to state a claim for relief. The allegations of the complaint, to survive a motion to dismiss, must be specific enough to state a plausible claim under *Twombly* and *Iqbal*. Mr. Harper's conclusory claim of forgery fails to satisfy that standard.

E.  Count Seven

In Count Seven, Mr. Harper pleads another RESPA claim. Although not entirely clear, this claim seems to be predicated on Colony Financial and DB's failure to respond to a qualified written request that the Harpers sent to each. *See, e.g.*, *Choudhuri v. Wells Fargo Bank, N.A.*, No. C 11-00518 SBA, 2011 U.S. Dist. LEXIS 123464, at *24 (N.D. Cal. Oct. 25, 2011) (stating that "RESPA creates a private right of action for . . . the failure by a loan servicer . . . to respond to a qualified written request for information about the loan"); *see also Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) (stating that "RESPA requires the servicer of a federally related mortgage loan to provide a timely written request to inquiries from borrowers regarding the servicing of their loans"); 12 U.S.C. § 2605(e) (addressing the duty of a loan servicer to respond to a qualified written request from a borrower).

Mr. Harper has failed to state a claim for relief for at least two reasons. First, RESPA imposes an obligation on a loan servicer with respect to a qualified written request but Mr. Harper has not alleged that either Colony Financial or DB was a loan servicer. Indeed, based on the allegations in the amended complaint, Colony Financial's only role was as purchaser of the real property at issue.

Second, based on the copy of the qualified written request that Mr. Harper attached to the complaint (to Colony Financial), it appears that Mr. Harper was making a request related to ownership or validity of the loan, as opposed to servicing, and this Court has previously held that such a request is not covered by RESPA. *See Prado v. Quality Loan Serv. Corp.*, No. C-13-4536 EMC, 2014 U.S. Dist. LEXIS 1129, at *6 (N.D. Cal. Jan. 6, 2014) (stating that "a request related to ownership of a loan or validity of a loan [as opposed to servicing] is not covered by RESPA") (internal quotation marks omitted).

F.  Count Eight

Finally, in Count Eight, Mr. Harper asks for an appointment of a receiver. *See* Compl. at 61 (citing California Code of Civil Procedure §§ 564-70). Putting aside the issue of whether it is proper for Mr. Harper to invoke the California Code of Civil Procedure, the Court does not see a basis for this request for relief, at least not at this juncture where no viable claim for relief has been pled.

Accordingly, Mr. Harper's request for appointment of a receiver is, at the very least, denied as premature.

### III. CONCLUSION

For the foregoing reasons, the Court hereby dismisses the amended complaint pursuant to § 1915(e)(2). The Court, however, shall give Mr. Harper leave to replead – in a second amended complaint ("SAC") – his sixth cause of action, which is in essence a claim for wrongful foreclosure based on fraud. **This is the sole claim that Mr. Harper may assert in his SAC.** The Court advises Mr. Harper that, in the SAC, he must plead specific facts explaining how the promissory note and deed of trust at issue were forged documents. If Mr. Harper fails to allege sufficient facts to justify his claim of fraud, the claim will be dismissed with prejudice and the Court shall close the file in the case.

IT IS SO ORDERED.

Dated: May 13, 2015

_____
EDWARD M. CHEN
United States District Judge