UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*15-0889 Emc*

Case No. 15-cv-0889-EMC (~~DMR~~)

Wendell Harper                         RESPONSE IN OBJECTION TO
39270 Paseo Padre Parkway #445         MAGISTRATE'S ORDERS" REPORT AND
                                       RECOMMENDATION
Fremont, CA 94538


WENDELL HARPER

v.

DEUTSCHE BANK, OCWEN LOANS, AND;
COLONY FINANCIAL, INC. (CORPORATIONS)
-------------------------------------------------------------------------------------------

"IN THE INTEREST OF JUSTICE v. OBSTRUCTION OF JUSTICE

1. Obstruction of justice

"Title 18 U.S.C. § 2. Principals. (a) Whoever commits an offense against the United
States or aids, abets, counsels, commands, induces or procures its commission, is
punishable as a principal. (b) Whoever willfully causes an act to be done which if
directly performed by him or another would be an offense against the United
States, is punishable as a principal."

2. Comes now Plaintiff in the above filed 1st Amended Complaint, to file in this

court Of record, his Objections to this Magistrate's "Orders" Report and

Recommendation for the following reasons:

3. Plaintiff alleges that in its current state, the Magistrate's order, dated May 13, 2015, does not serve the interest of Justice but poses the question as to whether The order instead lays the foundation for Obstruction of Justice in the case of "Harper v. Deutsche Bank".

4. In his footnote, on line 27-28, the magistrate states in part: "in the interest of Justice, the Court shall review the amended complaint to determine whether the Case should proceed on the merits" However, the question must be posed: can this case proceed on the "merits", *if* is the ultimate source of merit is repeatedly dismissed and/or ignored.

5. For example, Plaintiff alleges and asserts that he has firmly established and Stated a valid claim upon which relief may be granted. That claim is inherent in The Deed of Full Reconveyance transferred to Plaintiff and his Spouse by Beneficiaries of this Mortgage and Deed of Trust, recorded on January 22, 2002, And continually recorded three other times on July 21, 2005, July 21, 2006, and July 26, 2006.

6 . Since the Deed is duly recorded, and is transferred to Plaintiff and his Spouse, This Recorded, Certified Document(s) affirms our Property rights Under Sole Proprietorship, as Co-Owners of Joint Interest in the Property situated at 4152 MIFLIN CT., EL SOBRANTE, CA 94803 (attached as exhibits A, B, C, and D.)

7. Plaintiff alleges that he has presented the ultimate legal basis for proof of

**Ownership; As explained by the following sources, a Deed of Reconveyance**

**transfers Ownership of Said Property to Plaintiff and his Spouse:**

## 8. "The Deed of Reconveyance

January 30th, 2008 · 11 Comments · California Lending & Mortgage Law, Trust Deeds

And today, a guest blog from Eric Hartnett, Esq. For those of us who have refinanced our loans, we have seen the Deed of Reconveyance before. However, given the flurry of refinance loans in for the last 10 years, it became common that lenders, trustees and title companies would fail to request and record the Deed of Reconveyance.

Eric writes:

Your Loan Secured by a Deed of Trust has been Paid Off – What Now?

You can finally see the light at the end of the tunnel and you've paid off your

loan. CONGRATULATIONS!

When you took out a loan and as security for the loan (evidenced by the Promissory Note or Loan Agreement), you agreed to have a Deed of Trust recorded against your home. California is a "trust deed" state rather than a "mortgage" state but in common parlance, most folks refer to their loan as a "mortgage."

Whether the loan is a 30 year mortgage or a 3 month loan, if you have made all of your loan payments, then you will want the lien (Deed of Trust) removed from your property (one does not actually have the Deed of Trust "removed," rather it is reconveyed to you, the borrower). What are the necessary steps under California law to accomplish this?

A reconveyance for a Deed of Trust upon satisfaction of any loan obligations is addressed in California Civil Code § 2941. §2941(b)(1) provides that if you have satisfied your loan obligations, then the lender (beneficiary under a Deed of Trust) or its assignee shall within 30 calendar days execute and deliver to the Trustee of the Deed of Trust several documents. These documents include the original note (i.e. the Promissory Note), Deed of Trust, and a request for a full reconveyance. The Trustee shall then execute the full reconveyance and shall record the full reconveyance with the county recorder within 21 days after receipt by the Trustee of the original note.

Additionally, should you encounter an uncooperative Trustee or lender after you have satisfied your loan obligations, please note that there are civil and criminal penalties for some violations of Civil Code §2941."

9. Plaintiff alleges that he not only has encountered an uncooperative Trustee or lender who is "uncooperative", but Plaintiff is encountering a Magistrate who chooses to validate a Deed of Trust that has been deleted, and rendered null and void, over Plaintiff's Active Deed of Reconceyance.

# 10. Obstruction of justice

From Wikipedia, the free encyclopedia

Excerpt: "Obstruction can include crimes committed by judges, prosecutors, attorneys general, and elected officials in general. It is misfeasance, malfeasance or nonfeasance in the conduct of the office. Most commonly it is prosecuted as a crime for perjury by a non governmental official primarily because of prosecutorial discretion."

11.  Defendants Deutsche Bank National Trust Company have filed an Assignment of Deed Of Trust, a Notice of Trustee Sale, proffered themselves as the "Secured Creditor" and "RealParty in Interest, while knowing that a Valid, Recorded Deed of Full Reconveyance, as Title to The above-mentioned property, is on file in the office of the Contra Costa County Recorder In four separate versions. Forgery is against the law, whether Civil or Criminal. The Defendants have fraudulently recorded Deeds in the name of the Plaintiff and his Spouse:

# WHAT Happens if There Is a Forged Signature on a Deed?

by Jayne Thompson, Demand Media 🔃

Real estate forgery may sound unusual, but the number of forged deeds has been on the rise. In March 2012, the California Department of Real Estate became so concerned about the

the problem that it issued a consumer alert to educate the public about the deed scams perpetrated against unsuspecting homeowners. If you're the victim of deed fraud, you'll need to take legal action to clear your title.

12. In reference to the Department of Real Estate, Plaintiff submits excerpts

Of this alert:

"1 | P a g e
CONSUMER ALERT:
What Should You Do If You Learn that a Forged and/or Fraudulent Deed Has Been Recorded Against Your Real Property?

By Wayne S. Bell (Chief Counsel) and
Summer B. Bakotich (Special Investigator) –
California Department of Real Estate
I. Introduction.
In the current economic climate, criminal fraud related to real property deeds appears to be on the rise. In that regard, the California Department of Real Estate (DRE) has received and continues to take reports of such fraud where forged, false and/or fraudulently induced deeds are recorded against properties in California without the knowledge or consent of the owners.
The purpose of this alert is to briefly educate the public about the document recordation process, highlight some of the different types of deed scams which are being perpetrated against property owners involving the legal title to their homes1, provide a checklist of warning signs that suggest or signify fraud, and to inform victims of actions they should take, including the immediate reporting of such fraud and criminal activity, and the "quieting" or "cleansing" of title and ownership records.

 1 While this alert focuses on the issue of fraudulent deeds recorded against real property in general, most of the cases being brought to the attention of the DRE involve the personal residences (or homes) of victims.

II. Document Recording in California.

Before identifying some of the different types of fraudulent deed scams that are prevalent today, it is important for property owners to understand the basics of the recording system and how real property deeds and other mortgage-related title documents are recorded.

In California, the recording system allows owners, purchasers, sellers, creditors, and others who are interested in a particular property to determine the legal rights, title and interests in that property.

The process for recordation of documents that affect title to real property is achieved through the offices of the "recorder" in each county, and it commences when a duly executed and properly acknowledged document is submitted for recording to the recorder's office in the county where the property is located.

The recorder's office, upon payment of the proper fees and taxes, must accept and record any document that conforms to certain California legal requirements. In the case of a deed, recorders will typically ensure that the deed is properly acknowledged by a notary (unless some exemption applies), is compliant with

2 | P a g e the general recording requirements set forth by law, and photographically reproducible. The deed must usually contain original signatures unless it is a certified copy issued by the lawful custodian of record.

Each county recorder has fairly similar recording requirements, but the requirements are not identical; there are variations among the counties. If you are interested in your county's specific recording requirements, please refer to your local county recorder's office and/or website.

What is important to understand here, and not always generally known, is that the county recorder is not responsible for verifying the validity, authenticity or legitimacy of the document that is recorded. In other words, the recorder is not responsible for detecting a fraudulent document, and the recorder does not look beyond the document itself. If the deed meets the essential recording requirements, and the proper fees are submitted, the county recorder is obligated to and will record the document.

Because of the composition and operation of the recordation system, which is designed to smoothly facilitate the recording of many documents, anyone can go down to a county recorder's office and

Present a document for recording against a particular property, whether that document is legitimate or fraudulent.

Therefore, there is no true safeguard or deterrent against the recording of illegitimate deeds (forged, fictitious and/or fraudulent on any property and the Prevention of the same is nearly impossible.

13. For further clarification that the Defendants, each of them as alleged, are Forgers, Plaintiff submits this legal definition of Forging Deeds:

Forging Deeds California Penal Codes 115 & 115.5 PC

## 1. The Legal Definition of Forging Deeds

Forging deeds is one type of <u>California real estate and mortgage fraud</u>.  Penal Code sections 115 and 115.5 PC make it a crime if you knowingly

attempt to file, register or record a forged deed[2] and/or,

file a forged deed.[3]

Of course, these sections assume that you have already forged the deed in question.  You violate <u>Penal Code 470 PC California's forgery law</u> when you knowingly alter, create, or use a written document for your own benefit or gain.[4]

## 1.1. Examples

Forging of real estate deeds in California occurs most typically in two types of situations.  The first takes place when an individual forges the property owner's name and transfers title to him/herself.  The individual then turns around and sells the property to another person.

The second common situation involving deed forgery takes place when an individual forges the property owner's name, transfers the property to him/herself and then takes out loans against the property.  Both scenarios have the potential to allow the forger to obtain large amounts of money in a relatively easy manner.

14. Deutsche Bank initiated a foreclosure on the Property of Plaintiff and his

Spouse, as affirmed by Chapter 7 Bankruptcy Judge William Lafferty's Order,

Dated April 22, 2013. (Attached is Exhibit O). On April 30, 2013, *OCWEN LOANS* through the

use of its "Ombudsman" admitted that it had foreclosed on Plaintiff's property

(see Exhibit J).

15. Colony Financial, Inc. in conspiracy with Ocwen Loans, filed a Forged Trust

Deed Upon Sale on January 22, 2013. Colony Financial knew,  or should have

Known, that a Deed of Full Reconveyance, in the name of Plaintiff and his

Spouse, as Owners, was recorded and on File in the office of the County

Recorder. As Exhibit V, Plaintiff notices the Eviction Order issued upon Plaintiff

And His Spouse based upon these Forged Deeds submitted by each Defendant.

16. Plaintiff's Deed(s) of Reconveyance, all four versions, illustrate upon their

Preponderance, that a valid claim is stated, upon which relief can and may be

Granted.  The Damages cited by Plaintiff, and he alleges, should not be "time

Barred", because Plaintiff and his Spouse took legal action before, during,

and since the eviction.

17. In addition, Plaintiff and Spouse's Deed of Full  Reconveyance cannot be

"Time-Barred, unless the sole proprietor agrees by transferring Ownership.

Plaintiff nor his Spouse has signed no such Agreement at any time.

18. The Magistrate in his latest order, asserts that Plaintiff in his amended

complaint, "has simply alleged in conclusory terms that the note and deed of

trust were forged;" (Count Six, line 20.)

19. Plaintiff is not alleging that the signatures on any documents are forged;

rather, Plaintiff has documented that his spouse and he have the Title to the

property at 4151 Miflin Ct., (lines 1 thru 6 of Plaintiff's Objections)

20. As the statute on Deeds of Full Reconveyance affirms:

## INVESTOPEDIA EXPLAINS 'Deed Of Reconveyance'

'The deed of reconveyance is recorded in the county where the property is held.
Once the deed has been recorded, any search on that property will show that liens
have been paid in full. A property with a lien against it cannot be sold, unless the lien
is a mortgage that will be paid in full from the proceeds of the home sale. In such
situations, recording the deed of reconveyance is part of the closing process of the
home's sale, and its recording is commonly handled by a title insurance company.

Read more: http://www.investopedia.com/terms/d/deed-of-
reconveyance.asp#ixzz3adKisvrt
Follow us: @Investopedia on Twitter

The deed of reconveyance proves that the bank no longer has a security
interest in the home because the borrower has repaid the debt in full. A
homeowner with a deed of reconveyance cannot be foreclosed on by the bank'.

Read more: http://www.investopedia.com/terms/d/deed-of-
reconveyance.asp#ixzz3adKyWq2Y
Follow us: @Investopedia on Twitter

## The Deed of Reconveyance

January 30th, 2008 · 11 Comments · California Lending & Mortgage Law, Trust Deeds

And today, a guest blog from Eric Hartnett, Esq.  For those of us who have refinanced our
loans, we have seen the Deed of Reconveyance before.  However, given the flurry of

refinance loans in for the last 10 years, it became common that lenders, trustees and title companies would fail to request and record the Deed of Reconyance.

Eric writes:

Your Loan Secured by a Deed of Trust has been Paid Off – What Now?

You can finally see the light at the end of the tunnel and you've paid off your loan. CONGRATULATIONS!

When you took out a loan and as security for the loan (evidenced by the Promissory Note or Loan Agreement), you agreed to have a Deed of Trust recorded against your home. California is a "trust deed" state rather than a "mortgage" state but in common parlance, most folks refer to their loan as a "mortgage."

Whether the loan is a 30 year mortgage or a 3 month loan, if you have made all of your loan payments, then you will want the lien (Deed of Trust) removed from your property (one does not actually have the Deed of Trust "removed," rather it is reconveyed to you, the borrower). What are the necessary steps under California law to accomplish this?

A reconveyance for a Deed of Trust upon satisfaction of any loan obligations is addressed in California Civil Code § 2941. §2941(b)(1) provides that if you have satisfied your loan obligations, then the lender (beneficiary under a Deed of Trust) or its assignee shall within 30 calendar days execute and deliver to the Trustee of the Deed of Trust several documents. These documents include the original note (i.e. the Promissory Note), Deed of Trust, and a request for a full reconveyance. The Trustee shall then execute the full reconveyance and shall record the full reconveyance with the county recorder within 21 days after receipt by the Trustee of the original note.

21. Plaintiff alleges that the above clarifying legislation and comments explains fully why

The Documents submitted by Deutsche Bank, Ocwen Loans, and Colony Financial, Inc., as

Proof Of the right to assign, sale or transfer property or a mortgage are fraudulent and, as

recorded are forged.

## Obstruction of Justice

Title 18 U.S.C. § 2. Principals. (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. (b) Whoever willfully causes an act to

be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Note: The legislative intent to punish as a principal not only one who directly commits an offense and one who "aids, abets, counsels, commands, induces or procures" another to commit an offense, but also anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States. Case law decisions: *Rothenburg v. United States*, 1918, 38 S.Ct. 18, 245 U.S. 480, 62 L.Ed. 414, and *United States v. Giles*, 1937, 57 S.Ct. 340, 300 U.S. 41, 81 L.Ed. 493.

# Judge

From Wikipedia, the free encyclopedia

|  |
| --- |
| **Judge** |

A judge <u>presides</u> over <u>court</u> proceedings, either alone or as a part of a <u>panel</u> of judges. The powers, functions, method of appointment, discipline, and training of judges vary widely across different <u>jurisdictions</u>. The judge is supposed to conduct the trial <u>impartially</u> and in an <u>open court</u>. The judge hears all the <u>witnesses</u> and any other <u>evidence</u> presented by the parties of the case, assesses the credibility and <u>arguments</u> of the parties, and then issues a ruling on the matter at hand based on his or her interpretation of the law and his or her own personal judgment. In some jurisdictions, the judge's powers may be shared with a <u>jury</u>. In <u>inquisitorial systems</u> of criminal investigation, a judge might also be an <u>examining magistrate</u>.

22. Plaintiff alleges therefore, that he has met the burden of proof and the basis for stating

A Claim upon which relief may be granted. The court, in arguments against Plaintiff,

would appear To endorse the means by which Defendants Deutsche Bank, Ocwen Loans,

and Colony Financial, Inc., forced seizure of the Assets; of Plaintiff and his Spouse in

Bankruptcy and by their failure to honor the tax codes and the bankruptcy codes.

IRC 1398 : 26 U.S. Code § 1398 - Rules relating to individuals' title 11 cases

(a) Cases to which section applies

Except as provided in subsection (b), this section shall apply to any case under chapter 7 (relating to liquidations) or chapter 11 (relating to reorganizations) of title 11 of the United States Code in which the debtor is an individual

(1) Computation and payment of tax
Except as otherwise provided in this section, the taxable income of the estate shall be computed in the same manner as for an individual. The tax shall be computed on such taxable income and shall be paid by the trustee.

23. Plaintiff Notes, alleges and asserts that each of the Deeds of Full Reconveyance means

That the Beneficiary and/or the Trustee has a Tax obligation and a binding duty to report

The income paid to the Payee by the Payor (borrower/trustor) to the Internal Revenue Service

Under the Internal Revenue Manual and Tax code 7201.

24. Each time the Borrower's loan is fully paid, this transaction must be reported and

Withholding of income, business and investment taxes completed. Plaintiff alleges that

Since neither his Spouse or he have been given 1099-INT, forms 1099-DIV, their ability

To incur the benefits of tax deductions and credits is harmed.

25. The Magistrate has failed to acknowledge these obligations, or that Plaintiff filed

Five 1040x amended returns before the Internal Revenue Service and surrendered returns

For the tax periods of 2002, 2004, 2005 and 2006 to Chapter 7 Trustee John Kendall.

26. 26 U.S. Code § 7201 - Attempt to evade or defeat tax:

"Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

27. In an attempt to exhaust all efforts to remedy this dispute, Plaintiff and his Spouse used

The above means to avoid having to file a civil complaint. Efforts to pay off the Defendants

Deutsche Bank and Ocwen Loans proved futile".

28. Plaintiff attaches as Exhibit V, a letter of Complaint to the Consumer Financial

Protection Bureau, dated 4.18, 2013, against Ocwen Loans and Deutsche Bank, in

Support of our efforts to remedy this dispute without a *seeking* court order.

29. Plaintiff also notes Judge William J. Lafferty's Order, dated April 22, 2013

(Exhibit O).

The order illustrates the bid by Plaintiff and his Spouse to Reopen the Bankruptcy

Case, and subsequently sought to file and Adversary Proceeding. Plaintiff's

Efforts were denied by Judge Lafferty on three separate occasions. The case is

Under the jurisdiction of the US District Court, as it has authority over the

**Bankruptcy Court process.**

1. **Cases**

The district courts have original and exclusive jurisdiction over all bankruptcy "cases."
28 U.S.C. § 1334(a).

2. **Proceedings.**

**The district courts have original but not exclusive jurisdiction over all "civil proceedings" arising under the Code, or arising in or related to a bankruptcy case. 28 U.S.C. § 1334(b).**

c. "related to" a case under the Code: most courts hold that a case is related to
bankruptcy if "*the outcome of that proceeding could conceivably have any effect on
the estate being administered in bankruptcy.* . . . An action is related to bankruptcy if
the outcome could alter the debtor's rights, liabilities, options, or freedom of action
(either positively or negatively) and which in any way impacts upon the handling and
administration of the bankrupt estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d
Cir. 1984)

28. Plaintiff alleges, therefore, that the loans on all transactions related to

The Deeds of Reconveyance, has been paid in full; taxes are due on each

Of them, and the income made to the payee must be reported

29. Plaintiff also asserts and alleges, that the taxes on said property and

All income earned by the Payees from the Payer of Record, are binding, and

The appropriate tax forms must be filed.

30. Both under the Estate and in a Mortgage and Deed Trust, the Trustee,

Secured Creditor or Beneficiary are liable and must be held accountable.

31. In bankruptcy, no final decree is entered until the trustee reports all

Transactions in this asset case.

## Final Decree vs. Discharge

The discharge. When you file for Chapter 7, you are focused on receiving a discharge. In most cases, you receive your discharge in three to four months and, for you, the bankruptcy may seem like it is over. However, if there are assets for the trustee to administer or lawsuits to pursue, the case can actually stay open much longer. (Learn more about the Chapter 7 bankruptcy discharge.)

The Final Decree. A Final Decree officially closes the case. It is not entered by the court until the trustee has reported that all of the assets have been administered and the money recovered has been

32.  Plaintiff alleges and asserts that the Chapter 7 case of 10-48255 has not

Been officially discharged, pursuant to the above Final Decree Requirement.

**Most people think that their Chapter 7 bankruptcy case ends when they get a discharge, but this is not correct. The case does not officially end until a document called the Final Decree is entered. It is important to know the distinction because, until the Final Decree is entered, you may have continuing responsibilities under the bankruptcy**

For each of Plaintiff's eight counts alleged in his 1st Amended Complaint,

Plaintiff alleges facts based upon law; including the Internal Revenue Code

And Manual. Plaintiff also alleges that tax obligations are inherent in any

Mortgage loan, refinancing, or Liquidation of Assets, whether in Bankruptcy or

Mortgage transaction(s).

33. The Defendants collaborated, and conspired, as alleged, to Endorse

Allonge Notes, using Plaintiff as Payer of Record. The Notes were cashed

Without the knowledge and consent or Plaintiff and his Spouse.

34. Tax Obligations, Plaintiff alleges, also cannot be "time-barred"; nor shall

they be severed from the Obligation of the Trustee and the Secured Creditor

in a Chapter 7 Bankruptcy Estate or a Mortgage Trust; especially when the

trustee has declared as having standing top seize assets, liquidate and sell

the property of Plaintiff and his Spouse.

Plaintiff has demonstrated and produced the Written Instrument(s) giving

Rise to the ownership transferred to his spouse and he.

Plaintiff would pray, therefore, that the Court affirm these allegations, and

Acknowledge in its order that the objections outweigh the Magistrate's

"Orders" Report and Recommendations. The merits of this case are on

Display, including a legal definition of "Merit".

*16*

## Merit Law & Legal Definition

**Merit is a term subject to various meanings, but in the legal context, merit refers to a claim which has a valid basis, setting forth sufficient facts from which the court could find a valid claim of deprivation of a legal right. Meritorious claims usually cite legal authorities, such as statutory laws or case law, to support their arguments. However, merit is a subjective term that takes various factors into account on a case-by-case basis. For example, a pro se defendant seeking post-conviction relief is often be expected to construct legal arguments, cite legal authority, or draft her petition as artfully as a lawyer would. If the evidence defeats the claim, the claim is "meritless."**

**35. Plaintiff alleges, therefore, that the Defendants, each of them, have**

**Engaged in the violation of the Property rights of his spouse and He by**

**Conducting an unlawful foreclosure and fraudulently conducting a Purchase**

**And Sale Agreement that neither the Courts nor the Defendants have**

**Addressed.**

**36.  Plaintiff alleges, asserts and would declare, that any notion of each**

**Defendants claim of a Valid Mortgage, Note or Deed, is False, fraudulent**

**And therefore, forgeries.**

**Again, Plaintiff prays for such relief, in addition to allegations 1 thru 36,**

**That the court deny the Magistrate's Order as it is in defiance of**

**37. 28 U.S. Code § 636 - Jurisdiction, powers, and temporary assignment**

a) Each United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law—

(b)
(1) Notwithstanding any provision of law to the contrary—

A. A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

35. Judge Christopher Boyko, in his orders denying Deutsche Bank had the

Legal right to foreclosure in 14 separate complaints and Plaintiff, stated the

Following:

This Court acknowledges the right of banks, holding valid mortgages, to receive timely payments. And, if they do not receive timely payments, banks have the right to properly file actions on the defaulted notes—seeking foreclosure on the property securing the notes. Yet, this Court possesses the independent obligations to preserve the judicial integrity of the federal court and to jealously guard federal jurisdiction. Neither the fluidity of the secondary mortgage market, nor monetary or economic considerations of the parties, nor the convenience of the litigants supersede those obligations…

36. Plaintiff  further alleges that the standard of proving forgery has been

Met, pursuant to the Penal Codes herein described, and the legislative and

Judicial source of their designation:

What is the definition of Forgery in California?

The statute makes it illegal to knowingly alter, make, or use any written document with the intent to commit any fraud. Simply put, it is a crime to create or alter a document in order to gain anything of value.

A forgery occurs when the suspect has the specific intent, or mind set, to commit a fraud and signs another person's name or signature to gain a benefit. The benefit often is financial such as in take a check belonging to another person and signing the true owners name without their permission. Another way that a person can commit a Los Angeles forgery is falsify a will or other legal document. This often happens in elder abuse cases in which a person who is trusted by an elderly person writes a will and copies the victim's signature to gain a benefit.

## 37. Forgery occurs, according to Penal Code 470 PC, when the following acts occur:

**What Is Forgery of Evidence?**

Forgery of evidence is a very serious crime. It involves tampering with physical evidence or documents that are to be used as evidence during trial. Again, this can involve copying or reproducing a persons' signature, such as that of a key witness.

Tampering with evidence can also involve reproducing, altering, or repairing physical objects for the purpose of deceiving a witness, juror, opposing counsel, judge, or other key person in a trial. For example, in a homicide case, this can mean removing stains from a weapon. Or, in a hit-and-run automobile claim, it can involve gaining access to a broken bumper and repairing it before trial.

Forgery of evidence in trial is often called "fabrication of evidence" or "counterfeiting of evidence", especially in instances where a fake or artificial copy/version of an item is presented to the court

- See more at: http://www.legalmatch.com/law-library/article/white-collar-crimes-what-is-forgery.html#sthash.lRSfrYAs.dpuf

## 38. Plaintiff submits allegations of fraud and forgery, based upon civil laws that infer criminal wrongdoing. In this case, Plaintiff alleges that the acts of submitting a Deed ofTrust in an Assignment in which The Homeowner or Trustor has received a Duly Recorded Deed of Reconveyance is indeed Forgery.

**Sunday, March 18, 2012**

Posted by Tracy Green, Esq. Please email Ms. Green

# When Civil Cases Turn Criminal: Trust Administrator Charged With Grand Theft, Perjury and Forgery In Ventura County California



We see numerous cases where there are allegations of wrongdoing in civil litigation.  However, a recent probate case turned criminal.

On February 13, 2012, the Ventura County District Attorney's Office arrested Geoffrey Charles Sjostrom (DOB 09-25-1954), of Simi Valley, and charged him with nine felony charges, including grand theft, perjury, forgery, and the aggravated white collar crime enhancement. His bail was initially set at $200,000.

The criminal complaint alleges that Mr. Sjostrom was a friend of Francis J. Copland, who died in 2005. Before Mr. Copland died, he prepared a trust and a will, naming Mr. Sjostrom to administer both. In his estate documents, Mr. Copland left all of his property to family members. After Mr. Copland's death, it is alleged that Mr. Sjostrom failed to probate Mr. Copland's will and failed to properly account for Mr. Copland's trust property.

Attorney Commentary: Thus, it is critical to remember that basic criminal law can come in play in civil cases -- especially where there are allegations of misappropriation of funds or pleadings filed under the penalty of perjury. If at certain points in civil or probate litigation there is criminal exposure, it may be time to seek consultation from a criminal attorney and determine when it is time to exercise one's Fifth Amendment rights or attempt to resolve the litigation in order to minimize criminal exposure.'¹

39. The Deed of Trust is the Magic legal Bullet, Plaintiff Alleges, that

preempts any passing of Allonge Notes, any pretense of Mortgage Notes

or Deeds of Trust, Purporting to prove Legal Standing, as Plaintiff would

agree with Judge Christopher Boyko's legal stand in his order on

Whittaker V. Deutsche Bank:

"Typically, the homeowner who finds himself/herself in financial straits, fails to make the required mortgage payments and faces a foreclosure suit, is not interested in testing state or federal jurisdictional requirements, either pro se or through counsel. Their focus is either, "how do I save my home," or "if I have to give it up, I'll simply leave and find somewhere else to live." In the meantime, the financial institutions or successors/assignees rush to foreclose, obtain a default judgment and then sit on the deed, avoiding responsibility for maintaining the property while reaping the financial benefits of interest running on a judgment. The financial institutions know the law charges the one with title (still the homeowner) with maintaining the property.

There is no doubt every decision made by a financial institution in the foreclosure process is driven by money. And the legal work which flows from winning the financial institution's favor is highly lucrative. There is nothing improper or wrong with financial institutions or law firms making a profit—to the contrary, they should be rewarded for sound business and legal practices.[i]

Counsel for the institutions are not without legal argument to support their position, but the arguments fall woefully short of justifying their premature filings, and utterly fail to satisfy their standing and jurisdictional burdens. The institutions seem to adopt the attitude that since they have been doing this for so long, unchallenged, this practice equates with legal compliance. Finally put to the test, their weak legal arguments compel the Court to stop them at the gate."

40. Plaintiff alleges, therefore, that these Defendants, who have lost claims of Legal

Standing in At least 32 cases, have no such standing here. The Plaintiff and his Spouse

Possess the Legally Recorded Deed of Reconveyance. Ocwen Loans has acknowledged the

same, as we Illustrate in Exhibit K. These Defendants must be stopped, "at the gate."

41. Judge Jed Rakoff, in posing the question *IN AN ARTICLE* as to why have no high level-executives beem *Prosecuted:*

[i] The reasons were obvious. Companies do not commit crimes; only their agents do. And while a company might get the benefit of some such crimes, prosecuting the company would inevitably punish, directly or indirectly, the many employees and shareholders who were totally innocent. Moreover, under the law of most US jurisdictions, a company cannot be criminally liable unless at least one managerial agent has committed the crime in question; so why not prosecute the agent who actually committed the crime? [ii]

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

38. Plaintiff formally objects to the Magistrate's "Orders", reports and

Recommendations, and request that the objections be upheld or affirmed, as

the case may be.

Signed _____

Dated 05/22/2015

Wendell Harper

39270 Paseo Padre Parkway #445

Fremont, CA 94538

510 262-9178

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL HARPER,<br><br>    Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK, et al.,<br><br>    Defendants. | Case No.  15-cv-00889-EMC (DMR)<br><br>**REPORT AND RECOMMENDATION<br>RE: PLAINTIFF'S APPLICATION TO<br>PROCEED IN FORMA PAUPERIS AND<br>SUFFICIENCY OF COMPLAINT<br>UNDER 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 2 |

Plaintiff Wendell Harper ("Plaintiff") filed a Complaint [Docket No. 1] and Application to Proceed *In Forma Pauperis* ("IFP Application") [Docket No. 2] on February 26, 2015.  The presiding judge has referred this matter to this court for consideration of the IFP Application.  For the reasons stated below, the court recommends that the IFP Application be **granted** and the complaint be dismissed with leave to amend.

## I.    IFP APPLICATION

Having evaluated Plaintiff's financial affidavit, the court finds that Plaintiff has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore recommends that the IFP Application be granted.

## II.    REVIEW OF COMPLAINT

### A.    Legal Standards

In reviewing an application to proceed *in forma pauperis*, courts may dismiss a case if the party applying for *in forma pauperis* status files a frivolous action or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  District courts have the

1    authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of

2    subject matter jurisdiction. *Id.* at 1228. As such, "[a] court may dismiss as frivolous complaints

3    reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and

4    circumstances of a wholly fanciful kind." *Id.* (citing *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir.

5    1976)).

6           Although pro se pleadings are liberally construed and held to a less stringent standard than

7    those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or any

8    portion of it, should be dismissed for failure to state a claim if it fails to set forth "enough facts to

9    state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554

10   (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint

11   without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not

12   be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations

13   omitted).

14          **B.     Sufficiency of Complaint**

15          It is difficult to understand the specific allegations in Plaintiff's Complaint. Plaintiff

16   alleges that he and his spouse own property located on Miflin Court in El Sobrante (the

17   "Property"). Compl. at 5. It is unclear whether Plaintiff and/or his spouse live in the Property. It

18   is also unclear whether Plaintiff remains in possession of the Property.

19          It appears that Defendant Deutsche Bank "with its accomplices in [Defendant] Ocwen

20   Loans and [Defendant] Colony Financial, Inc." may have initiated or even completed foreclosure

21   proceedings on the Property. *See* Compl. at ¶ 4 ("Deutsche Bank National Trust Company

22   Knowingly and willingly failed to disclose to Plaintiff and his Spouse, their Notarized Title. In

23   lieu of full disclosure, Defendant Deutsche Bank decided to impose an illegal lien, steal the assets

24   and perpetrate an Unlawful Foreclosure on the [Property]"); ¶¶ 7-8 ("Defendants violated the

25   Truth in Lending Act by submitting a forged Promissory Note, Deed of Trust, wrongfully

26   imposing a lien on the property of Plaintiff and his spouse, demanding by 'Notice of Trustee Sale'

27   and suing in Federal Court to gain blanket authority to possess the Trust, although illegally.").

28          The Complaint also does not clearly allege whether any foreclosure sale was completed,

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    although there is some suggestion that it was. *See id.* at ¶ 26 ("Ocwen Loans engineered an

2    unlawful foreclosure on the home of Plaintiff and his Spouse on January 22, 2013"); ¶ 27

3    ("Colony Financial and Ocwen Loans conducted an illegal purchase and sale contract on January

4    22, 2013, by forging a Trust Deed Upon Sale, and refusing or being unable to produce receipts of

5    the sale Proof of ownership upon the demand of Plaintiff and his spouse."). Furthermore,

6    Defendants' relationships to Plaintiff, to each other, and to the Property are unclear.

7        The Complaint also references a "federal court" and "federal judge," apparently referring

8    to possible bankruptcy proceedings involving Plaintiff and/or his spouse, but does not offer any

9    further details about the judge or court or proceeding involved. *See id.* at ¶ 7; ¶¶ 8-9 ("Defendant

10   Deutsche Bank conceived Three Allonge Notes dated June 23, 2006. The Defendant cashed these

11   notes for $475,000 each. The Plaintiff and his Spouse allegedly owed only $475,000. On April

12   21, 2011, Deutsche Bank re-used These same Allonge Notes during the Bankruptcy Process; the

13   bank Then conducted a 'Purchase and Sale' contract arrangement with an unnamed Party

14   Deutsche Bank lied to a Federal Judge, and to Federal Regulators while Depositing all three

15   Notes, and attributing the Purchase and Sale to Plaintiff and Spouse."). There is also a reference

16   to a state court case. *Id.* at ¶ 36 ("Colony Financial filed an Unlawful Detainer in Richmond

17   Superior Court . . . . Plaintiff and his Spouse were forced to pay for defending our property right in

18   court, and to spend money for court costs in Richmond Superior Court and in US Bankruptcy

19   Chapter 7 Court.").

20       The Complaint lists seven causes of action: (1) violation of 15 U.S.C. § 1641; (2) violation

21   of 18 U.S.C. § 1956; (3) violation of 18 U.S.C. § 1341; (4) violation of 15 U.S.C. § 1692e; (5)

22   violation of the "Uniform Trust Code"; (6) violation of the Truth in Lending Act, 15 U.S.C. §§

23   1601 and 1204; and (7) violation of Rhode Island Business & Professions Code § 5-20.8-2 and §

24   5-20.8-5, governing real estate sales disclosures.

25       The second and third causes of action under 18 U.S.C. §§ 1956 and 1341 are plainly

26   inappropriate, as they allege violations of criminal statutes and do not provide for a civil lawsuit.

27   The fifth cause of action is also inappropriate, as the "Uniform Trust Code" is a model for

28   codifying the law on trusts, not an actual law on which a claim can be based. Likewise the

United States District Court
Northern District of California

1    seventh cause of action is insufficiently stated, because Plaintiff has offered no allegations

2    suggesting that the law of Rhode Island should apply.[1]  Plaintiff's allegations with respect to the

3    remaining causes of action appear to raise the Truth in Lending Act (first and sixth causes of

4    action) and the Fair Debt Collection Practices Act (fourth cause of action).  These claims are also

5    deficient, as they fail to address the basic issues of fact noted above.  For example, Plaintiff alleges

6    that Deutsche Bank "lied to a federal Judge" and made false or misleading representations "to

7    Federal and State Regulators and to a Judge" but does not specify to whom or in what context the

8    representations were made, the content of those representations, or support for the allegation that

9    they were false or misleading.  Compl. ¶¶ 26, 34.  To the extent that Plaintiff's allegations can be

10   understood to allege that the three Defendants did not have the right or authority to foreclose on

11   the Property, the Complaint's failure to clearly allege the ownership of the Property and any

12   related loans renders these allegations insufficient to state a claim.

### III.   CONCLUSION

14       For the reasons stated above, the court recommends that Plaintiff's IFP application be

15   granted and that the Complaint be dismissed.  However, because it is not clear that the deficiencies

16   in the Complaint cannot be cured with amendment, the court recommends that dismissal be

17   entered without prejudice to Plaintiff filing an amended Complaint within three weeks of the date

18   of the presiding judge's order.

19       Any party may file objections to this report and recommendation with the district judge

20   within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a);

21   N.D. Cal. Civ. L.R. 72-2.

24   **IT IS SO ORDERED.**

25   Dated: March 19, 2015

_____
                                                  Donna M. Ryu
                                        United States Magistrate Judge

---

[1]  The Complaint states that "all defendants do business in California and . . . reside in California,
while violations giving rise to this lawsuit occurred in California."  Compl. at ¶ 2.

1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   NORTHERN DISTRICT OF CALIFORNIA
7
8    WENDELL HARPER,                          No. C-15-0889 EMC
9              Plaintiff,                     **AMENDED ORDER DISMISSING**
                                             **FIRST AMENDED COMPLAINT WITH**
10        v.                                  **LEAVE TO AMEND**
11   DEUTSCHE BANK, *et al.*,                 **Revisions in green highlight**
12             Defendants.                    **(Docket No. 10)**
     _____/
13
14

15        Previously, the Court granted Plaintiff Wendell Harper's motion to proceed in forma

16   pauperis but dismissed his complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2).  *See*

17   Docket No. 11 (order adopting report and recommendation).  Mr. Harper has now filed an amended

18   complaint, which the Court against reviews pursuant to § 1915(e)(2).[1]  *See, e.g., Bey v. City of*

19   *Oakland*, No. 14-cv-01626-JSC, 2015 U.S. Dist. LEXIS 53612 (N.D. Cal. Apr. 23, 2105) (reviewing

20   second amended complaint under § 1915(e)(2)).  Having considered the amended complaint, the

21   Court concludes that Mr. Harper has failed to state a claim for relief and therefore dismisses the

22   amended complaint in its entirety.  Mr. Harper, however, has leave to amend as to one cause of

23   action only, as described below.

24
25
26   _____
          [1] Mr. Harper had until April 24, 2015, to file his amended complaint.  Because Mr. Harper
27   filed the amended complaint six days late, the Court could decline to consider it.  Nevertheless, in
     the interest of justice, the Court shall review the amended complaint to determine whether the case
28   should proceed on the merits.  The Court thus **GRANTS** Mr. Harper's motion for an extension of
     time to file an amended complaint.  *See* Docket No. 12 (motion).

United States District Court
For the Northern District of California

## I.   FACTUAL & PROCEDURAL BACKGROUND

Mr. Harper's sixty-eight page amended complaint is not a model of clarity. However, the basic thrust of the pleading appears to be as follows.

As alleged, Mr. Harper and his wife were the owners of certain real property located in El Sobrante, California. *See* Compl. at 3-6. The Harpers were the owners since at least January 22, 2002. *See* Compl. at 7 & Ex. A (substitution of trustee and full reconveyance). Although the Harpers owned the property, they were deprived of their ownership rights because of an unlawful foreclosure.

The foreclosure was based on a purported default by the Harpers on a June 2006 promissory note secured by a deed of trust on the real property at issue. But, according to Mr. Harper, the promissory note and deed of trust were forged – more specifically, by DB. *See* Compl. at 8, 11-13 & Ex. E (DB motion filed in bankruptcy court).

In 2010, the Harpers filed bankruptcy, presumably because (at least in part) DB was asserting that the Harpers were in default on the loan. Initially, the bankruptcy was a Chapter 13 proceeding but, subsequently, it was converted to a Chapter 7 proceeding. *See* Compl., Ex. E (DB motion filed in bankruptcy court). During the bankruptcy, DB moved for relief from the automatic stay so that it could exercise its rights and remedies under the promissory note and deed of trust. *See* Compl., Ex. E (DB motion filed in bankruptcy court). The motion was granted. *See* Compl., Ex. O (bankruptcy court order). In June 2012, the Harpers were discharged from bankruptcy. *See In re Harper*, No. 10-48255 (N.D. Cal. Bankr. Ct.) (Docket No. 53) (discharge of debtor and final decree).

In or about January 2013, the property at issue was sold through a trustee's sale. *See* Compl. at 31-32 & Ex. R (trustee's deed upon sale). The purchaser of the property was Defendant Colony Financial Inc. Defendant Ocwen Loans appears to have been named in the lawsuit as the servicer of the alleged loan who "[p]rosecute[d] the foreclosure by assigning a Trustee." Compl. at 2 & Ex. J (communication history between Ocwen and the Harpers).

## II.   DISCUSSION

Mr. Harper has asserted eight claims in his amended complaint. The Court addresses each of these claims in turn. "Regarding dismissals for failure to state a claim, [28 U.S.C. §] 1915(e)(2)

2

parallels the language of Federal Rules of Civil Procedure 12(b)(6)." *Bey v. City of Oakland*, No. 14-01626-JSC, 2015 U.S. Dist. LEXIS 53612, at *7 (N.D. Cal. Apr. 23, 2015). Under Rule 12(b)(6),

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice [to state a claim for relief]." Furthermore, a claim upon which a court can grant relief must have facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* at *7-8 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### A.   Count One

In Count One, Mr. Harper claims a violation of 15 U.S.C. § 1692e. Section 1692e is part of the Fair Debt Collection Practices Act ("FDCPA"). It provides in relevant part that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The act is violated where there is, *e.g.*, a false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e(2)(A). There is a one-year statute of limitations for a claim brought pursuant to the FDCPA. *See id.* § 1692k(d) (providing that "[a]n action to enforce any liability created by this title [§ 1692 *et seq.*] may be brought in any appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurs").

The Court concludes that Mr. Harper has failed to state a claim for relief because, on the face of the amended complaint, the FDCPA claim is time barred. At the latest, the claim accrued by January 2013 when the real property at issue was sold. However, Mr. Harper did not file this lawsuit until more than two years later.

The Court also notes that there are insufficient allegations in the complaint to support either Colony Financial or DB being a debt collector. *See* 15 U.S.C. § 1692a(6) (defining debt collector as "any person why uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect,

3

1   directly or indirectly, debts owed to or due or asserted to be owed to another"); *id.* § 1692a(6)(A)

2   (providing that the term "debt collector" does not include "any officer or employee of a creditor

3   while, in the name of the creditor, collecting debts for such creditor"); *see also Lohse v. Nationstar*

4   *Mortg.*, No. 14-cv-00514-JCS, 2014 U.S. Dist. LEXIS 148858, at *22 (N.D. Cal. Oct. 20, 2014)

5   (stating that "a plaintiff alleging a proper FDCPA claim must allege that the defendant engaged in

6   an[] action beyond statutorily mandated actions for non-judicial foreclosure") (internal quotation

7   marks omitted).

8   B.      Counts Two Through Four

9           In Counts Two through Four, Mr. Harper pleads a violation of 12 U.S.C. § 2605(a).  Section

10  2605(a) is a part of the Real Estate Settlement Procedures Act ("RESPA").  It provides as follows: "

11  Each person who makes a federally related mortgage loan shall disclose to each person who applies

12  for the loan, at the time of application for the loan, whether the servicing of the loan may be

13  assigned, sold, or transferred to any other person at any time while the loan is outstanding." 12

14  U.S.C. § 2605(a).

15          Mr. Harper has failed to state a claim against either Ocwen or Colony Financial because

16  there are no allegations in the amended complaint that either company made a loan to Mr. Harper or

17  his wife.  As for DB, Mr. Harper claims that it misled him and his wife "into believing they . . . had

18  a Mortgage and Note" with DB, Compl. at 51, but that has nothing to do with whether there was a

19  disclosure that servicing of the loan could be assigned, sold, or transferred.  Accordingly, the Court

20  dismisses the RESPA claim against DB as well.

21  C.      Count Five

22          In Count Five, Mr. Harper asserts a violation of the FDCPA again.  This time Mr. Harper

23  contends that Defendants violated 15 U.S.C. § 1692f which provides that "[a] debt collector may not

24  use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

25  The specific provisions that Mr. Harper cites are as follows:

26              [T]he following conduct is a violation of [§ 1692f]:

27              (1)     The collection of any amount (including any interest, fee,
                        charge, or expense incidental to the principal obligation) unless
28

4

United States District Court
For the Northern District of California

such amount is expressly authorized by the agreement creating the debt or permitted by law.

. . . .

(6)    Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –

        (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest . . . .

*Id.* § 1692f. For purposes of § 1692f(6) only, the term "debt collector" "includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.* § 1692a(6).

For reasons similar to those discussed above, *see* Part II.A, *supra*, Mr. Harper has failed to state a claim for relief because the FDCPA claim is time barred. Moreover, with respect to Colony Financial and DB, there are no allegations to support either company being a debt collector, even with the expanded definition of debt collector for purposes of § 1692f(6).

D.    <u>Count Six</u>

In Count Six, Mr. Harper asserts a claim for wrongful foreclosure. Although Mr. Harper confusingly cites to California Civil Code § 2939, which addresses the discharge of a recorded mortgage, the point underlying the claim seems to be that Defendants illegally foreclosed on the real property because the promissory note and deed of trust were forged. At this juncture, however, Mr. Harper has simply alleged in conclusory terms that the note and deed were forged; he has not explained how. For example, is he claiming that the Harpers' signatures on the documents were forged? Also, the circumstances of the alleged fraud are not clear. For instance, was the purported original lender for the note and deed – *i.e.*, First United Home Loans – the source of the alleged fraud? Without more specific factual allegations about the allegedly forged note and deed, Mr. Harper has failed to state a claim for relief. The allegations of the complaint, to survive a motion to dismiss, must be specific enough to state a plausible claim under *Twombly* and *Iqbal*. Mr. Harper's conclusory claim of forgery fails to satisfy that standard.

United States District Court
For the Northern District of California

E.     Count Seven

       In Count Seven, Mr. Harper pleads another RESPA claim.  Although not entirely clear, this claim seems to be predicated on Colony Financial and DB's failure to respond to a qualified written request that the Harpers sent to each. *See, e.g.*, *Choudhuri v. Wells Fargo Bank, N.A.*, No. C 11-00518 SBA, 2011 U.S. Dist. LEXIS 123464, at *24 (N.D. Cal. Oct. 25, 2011) (stating that "RESPA creates a private right of action for . . . the failure by a loan servicer . . . to respond to a qualified written request for information about the loan"); *see also Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) (stating that "RESPA requires the servicer of a federally related mortgage loan to provide a timely written request to inquiries from borrowers regarding the servicing of their loans"); 12 U.S.C. § 2605(e) (addressing the duty of a loan servicer to respond to a qualified written request from a borrower).

       Mr. Harper has failed to state a claim for relief for at least two reasons.  First, RESPA imposes an obligation on a loan servicer with respect to a qualified written request but Mr. Harper has not alleged that either Colony Financial or DB was a loan servicer.  Indeed, based on the allegations in the amended complaint, Colony Financial's only role was as purchaser of the real property at issue.

       Second, based on the copy of the qualified written request that Mr. Harper attached to the complaint (to Colony Financial), it appears that Mr. Harper was making a request related to ownership or validity of the loan, as opposed to servicing, and this Court has previously held that such a request is not covered by RESPA. *See Prado v. Quality Loan Serv. Corp.*, No. C-13-4536 EMC, 2014 U.S. Dist. LEXIS 1129, at *6 (N.D. Cal. Jan. 6, 2014) (stating that "a request related to ownership of a loan or validity of a loan [as opposed to servicing] is not covered by RESPA") (internal quotation marks omitted).

F.     Count Eight

       Finally, in Count Eight, Mr. Harper asks for an appointment of a receiver. *See* Compl. at 61 (citing California Code of Civil Procedure §§ 564-70).  Putting aside the issue of whether it is proper for Mr. Harper to invoke the California Code of Civil Procedure, the Court does not see a basis for this request for relief, at least not at this juncture where no viable claim for relief has been pled.

**United States District Court**
For the Northern District of California

1   Accordingly, Mr. Harper's request for appointment of a receiver is, at the very least, denied as

2   premature.

### III.   CONCLUSION

4        For the foregoing reasons, the Court hereby dismisses the amended complaint pursuant to §

5   1915(e)(2).  The Court, however, shall give Mr. Harper leave to replead – in a second amended

6   complaint ("SAC") – his sixth cause of action, which is in essence a claim for wrongful foreclosure

7   based on fraud.  **This is the sole claim that Mr. Harper may assert in his SAC.**  The Court advises

8   Mr. Harper that, in the SAC, he must plead specific facts explaining how the promissory note and

9   deed of trust at issue were forged documents.  If Mr. Harper fails to allege sufficient facts to justify

10  his claim of fraud, the claim will be dismissed with prejudice and the Court shall close the file in the

11  case.  The SAC shall be filed within 30 days from the date of this order.

13        IT IS SO ORDERED.

15  Dated: May 13, 2015

16
17        EDWARD M. CHEN
           United States District Judge

7

*Exhibit A*

PEG
Recording Requested By:

HomeSide Lending, Inc.
P.O. Box 47524
San Antonio, TX 78265-7524

When Recorded Mail To:

WENDELL HARPER
MARY HARPER
4151 MIFLIN CT
EL SOBRANTE, CA   94803-2754

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2002-0021173-00

Check Number
Tuesday, JAN 22, 2002 13:37:53
MIC     $2.00 MOD      $2.00 REC   $10.00
TCF     $0.00 DAF      $1.00 REF    $0.20
Ttl Pd  $16.00        Nbr-0000700009
                           kat/R6/2-1

Space above provided for Recorder's use

## SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

WHEREAS, WENDELL HARPER AND MARY HARPER,
HUSBAND AND WIFE
was the original Trustor, GUILD ADMINISTRATION CORP. the original
Trustee, and GUILD MORTGAGE COMPANY the Beneficiary, under that certain
Deed of Trust dated JANUARY 23RD, 1989 and recorded FEBRUARY 1ST, 1989 in Instrument No. 89 19038,
Book 14861, Page 199, Official Records of the County of CONTRA COSTA, State of CALIFORNIA;

and
WHEREAS, the undersigned Beneficiary desires to substitute a new Trustee under said Deed of Trust in place and stead of
GUILD ADMINISTRATION CORP., now therefore, the undersigned
hereby substitutes itself as Trustee under said Deed of Trust and does hereby reconvey, without warranty, to the person or
persons legally entitled thereto, the Estate now held by him thereunder.
DATED: January 15, 2002

HomeSide Lending, Inc.
successor by merger to
BancPLUS Mortgage Corp.

*[HomeSide Lending, Inc. seal]*

B. SANTELLAN,
VICE PRESIDENT

J. BRAEUER,
ASSISTANT SECRETARY

State of Texas          }
                        } SS.
County of Bexar         }

On January 15, 2002 before me the Undersigned, personally appeared B. SANTELLAN
and J. BRAEUER, personally known to me (or proved to me on the basis of satisfactory evidence)
to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature _____     (Seal)

B. Kight
Notary Public, State of Texas
My Commission Expires
APRIL 27, 2005

Prepared by CLARA GUERRERO
PF33 - 110600TG        Inv Pool UAH-128
GUERC   3472405JAN02

Inv No 0002506421
MIN #:

PIFD: 02-01-04
Loan Number 10716788

210837

# EXHIBIT "A"

PARCEL 1:

LOTS 13 AND 14, BLOCK 4, MAP OF SERPA TRACT, IN THE COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA FILED JANUARY 2, 1947, MAP BOOK 32 PAGE 23, CONTRA COSTA COUNTY RECORDS.

EXCEPTING FROM PARCEL 1: THAT PORTION THEREOF DESCRIBED IN THE DEED FROM ESTHER MAE JONES, ET AL., TO SA CLTA LOAN POLICY, DATED JULY 16, 1954 AND RECORDED SEPTEMBER 28, 1954 IN BOOK 2388 OF OFFICIAL RECORDS, PAGE 173.

PARCEL 2:

PORTION OF LOT 12, IN BLOCK 4, MAP OF THE SERPA TRACT, FILED JANUARY 2, 1947, MAP BOOK 32, PAGE 23, CONTRA COSTA COUNTY RECORDS, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE EASTERLY LINE OF SAID LOT DISTANT THEREON SOUTH 11° 04' 55" EAST, 133.49 FEET FROM THE NORTHEASTERLY CORNER OF SAID LOT; THENCE SOUTH 60° 23' 31" WEST, 45.56 FEET TO THE SOUTHWESTERLY LINE OF SAID LOT; THENCE ALONG LAST SAID LINE AND ALONG THE SOUTHERLY AND EASTERLY LINES OF SAID LOT, SOUTH 49° 47' 54" EAST, 2.19 FEET, FROM A TANGENT THAT BEARS NORTH 58° 01' 54" EAST, ALONG A CURVE TO THE RIGHT WITH A RADIUS OF 40.00 FEET, THROUGH AN ANGLE OF 64° 27' 28", AN ARC LENGTH OF 45.00 FEET AND NORTH 11° 04' 55" WEST, 24.57 FEET TO THE POINT OF COMMENCEMENT.

EXCEPTING FROM PARCEL 2: MINERAL RIGHTS RESERVED IN THE DEED TO ELIZABETH HAGAN, RECORDED AUGUST 17, 1962 IN BOOK 4184 OF OFFICIAL RECORDS, PAGE 216, AS FOLLOWS:

EXCEPTING THEREFROM ALL MINERALS, OILS, GASES AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, THAT MAY BE WITHIN OR UNDER THE PARCEL OF LAND HEREINABOVE DESCRIBED WITHOUT, HOWEVER, THE RIGHT TO DRILL, DIG OR MINE THROUGH THE SURFACE THEREOF.

Public Record

Recording Requested by:
ReconTrust Company, N.A.
176 Countrywide Way
MS: LAN-88
Lancaster, CA 93535-9944
(800) 540-2684

When recorded return to:
WENDELL HARPER, MARY HARPER
4151 MIFLIN CT
EL SOBRANTE, CA 94803

EXHIBIT B

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2005-0269487-00
Check Number 10394739
Thursday, JUL 21, 2005 09:53:32
CPY     $2.00 MIC     $2.00 MOD     $2.00
REC    $10.00 TCF     $0.00 DAF     $1.00
REF     $0.20

Tt1 Pd     $18.00          Nbr-0002305107
                           cmh/R1/2-1

Above Space for Recorder's Use
DOCID#000213475702005N

## SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

WHEREAS,     WENDELL HARPER, MARY HARPER
was the original Trustor, under that certain Deed of Trust dated 09/12/2002 and recorded 09/17/2002, as Instrument or Document No.
2002-0330054-00, in Book N/A, Page N/A, of Official Records of the County of CONTRA COSTA, State of California.

WHEREAS, the undersigned, Bank of New York, as Trustee, as the present Beneficiary(s) under said Deed of Trust hereby substitutes
a new Trustee, ReconTrust Company, N.A., under said Deed of Trust, and ReconTrust Company, N.A. as Trustee under said Deed of
Trust does hereby reconvey, without warranty, to the person or persons legally entitled thereto, the estate now held by Trustee under
said Deed of Trust.

Dated: 07/14/2005

New Trustee:
ReconTrust Company, N.A.

Current Beneficiary:
Bank of New York, as Trustee , by Countrywide Home Loans, Inc., as
Servicer

Amy Grayne
Assistant Secretary

Vicki Hosko
Assistant Secretary

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
On 07/14/2005, before me, D. A. Galyardt, Notary Public, personally appeared Amy Grayne and Vicki Hosko, both personally known to
me (or proved to me on the basis of satisfactory evidence) to be the persons whose names are subscribed to the within instrument and
acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the
persons, or the entities upon behalf of which the persons acted, executed the instrument.

Witness my hand and official seal.

D. A. Galyardt
Notary Public for said State and County
Expires: 10/30/2007



D. A. GALYARDT
COMM. #1448438
NOTARY PUBLIC-CALIFORNIA
Los Angeles County
My Comm. Exp. OCT. 30, 2007

Recording Requested By:
PRINCETON RECONVEYANCE SERVICE

And When Recorded Mail To:
**WENDELL HARPER**
**4151 MIFLIN CT**
**EL SOBRANTE CA 94803-0000**

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
**DOC- 2006-0232156-00**

Check Number   2549
Monday, JUL 24, 2006 10:04:00
MIC    $1.00 MOD     $1.00 REC    $5.00
TCF    $0.00 DAF     $1.80 REF    $0.20

Ttl Pd    $9.00           Nbr-0003333698
                          cmb/R1/1-1

_____ Space above for Recorder's use _____

Loan #: 0324143353  Customer #: 770   RLS #: 1203965

## FULL RECONVEYANCE

**PRINCETON RECONVEYANCE SERVICES INC. FKA PRINCETON ESCROW COMPANY**, as Trustee, or Successor Trustee, Or Substituted Trustee, under Deed of Trust dated **JUNE 23, 2005**, made by **WENDELL HARPER AND MARY HARPER, HUSBAND AND WIFE AS JOINT TENANTS**, Trustor and recorded as **Instrument No. 2005-0259377-00** on **JULY 14, 2005, in Book No. — at Page No. —** of Official Records in the office of the Recorder of CONTRA COSTA County, **CALIFORNIA.** Said Deed of Trust describes the following property: **As more fully described in said Deed of Trust.**
And having received from holder of the obligations thereunder a written request to reconvey, reciting that all sums secured by said Deed of Trust have been fully paid, and said Deed of Trust and the note or notes secured thereby having been surrendered to said Trustee for cancellation, does hereby RECONVEY, without warranty, to the person or persons legally entitled thereto, the estate held thereunder.  In Witness Whereof, **PRINCETON RECONVEYANCE SERVICES INC. FKA PRINCETON ESCROW COMPANY**, as Trustee, has caused its name to be hereto affixed by its Vice President thereunto duly authorized.  Dated: JULY 19, 2006
**PRINCETON RECONVEYANCE SERVICES INC. FKA PRINCETON ESCROW COMPANY**

By: _____

**Blanca Vargas, Vice President**
State of    **CALIFORNIA**                 }
County of   **SACRAMENTO**                 } ss.

On JULY 19, 2006, before me,  S. Calta, a Notary Public, personally appeared   Blanca Vargas  personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
Witness my hand and official seal.

_____

(Notary Name): S. Calta

S. CALTA
COMMISSION #1434978
NOTARY PUBLIC – CALIFORNIA
SACRAMENTO COUNTY
MY COMM. EXPIRES SEP 12, 2007

#Exhibit D

Recording Requested By:
GMAC MORTGAGE CORPORATION

When Recorded Return To:
Current Trustor:
WENDELL HARPER
4151 MIFLIN CT
EL SOBRANTE, CA 94803

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2006-0230989-00

Check Number
Friday, JUL 21, 2006 11:44:30
MIC    $1.00 MOD    $1.00 REC    $5.00
TCF    $0.00 DAF    $1.00 REF    $0.20
Ttl Pd    $9.00    Nbr-0003332327
ENG/R4/1-1

## FULL RECONVEYANCE

GMAC MORTGAGE CORPORATION #:0359185817 "HARPER"  Lender ID:41459/11242590  Contra Costa, California PIF: 07/05/2006

MERS #: 100136300112425904 VRU #: 1-888-679-6377

**Prepared By:**   , GMAC MORTGAGE CORPORATION 3451 HAMMOND AVENUE, PO BOX 780, WATERLOO, IA  50704-0780
1-800-766-4622

EXECUTIVE TRUSTEE SERVICES, INC. as present Trustee for the Deed of Trust executed by WENDELL HARPER MARY HARPER as Trustor(s), Dated: 07/14/2005 Recorded: 07/14/2005 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 025937801 of official Records in the office of the County Recorder of Contra Costa, California having been requested in writing, by the holder of the obligations secured by said Deed of Trust, to reconvey the estate granted to trustee under said Deed of Trust, does hereby reconvey to the person or persons legally entitled thereto, without warranty, all the estate, title and interest acquired by Trustee under said Deed of Trust.

IN WITNESS WHEREOF, EXECUTIVE TRUSTEE SERVICES, INC. as the Trustee has caused its corporate name to be affixed by a duly authorized officer on the date shown in the acknowledgment certificate below:

On July 17th, 2006
By: EXECUTIVE TRUSTEE SERVICES, INC. as Trustee

MARY ANN HILMER , LIMITED SIGNING OFFICER

STATE OF Iowa
COUNTY OF Black Hawk

On July 17th, 2006, before me, M. CLARK, Notary Public, personally appeared MARY ANN HILMER, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

M. CLARK
Notary Expires: 05/17/2007 #728505

M. CLARK
NOTARIAL SEAL - STATE OF IOWA
COMMISSION NUMBER 728505
MY COMMISSION EXPIRES MAY 17, 2007

(This area for notarial seal)

**BLKGMAC*07/17/2006 07:22:50 PM* GMAC01GMAC000000000000001150237* CACONTR* 0359185817 CASTATE_TRUST_REL *  *BLKGMAC*

agreement that should not occur while an automatic stay is in place. We want this sale and purchase reported, taxes filed and we demand full restitution.

EXHIBIT J

# OMMUNICATION HISTORY

| Date Created | Message Type | Text |
|---|---|---|
| 3/04/2014 2:27 PM | Consumer Entry | Company's response 4/30/14<br>The Office of the Consumer Ombudsman for Ocwen Loan Servicing, LLC (Ocwen) would like to take this opportunity to respond to your recent concern regarding the referenced loan. The Consumer Ombudsman was created to provide Ocwen's customers with a resource to assist with unresolved concerns and issues. Our records indicate that Ocwen was granted a motion for relief and the bankruptcy was later closed. Ocwen subsequently foreclosed on the property. Bankruptcy court records indicate that the motion to reopen the Bankruptcy Chapter 7 case was denied.<br>The Office of the Consumer Ombudsman is your advocate in ensuring that Ocwen's servicing of the loan remains fair, reasonable and proper. If you still have unresolved issues, please feel free to contact this office at (800) 390-4656.<br>Sincerely,<br>The Office of the Consumer Ombudsman<br>Ocwen Loan Servicing<br>NMLS # 1852 |
| 4/30/2013 1:58 PM | Automated Response | The company responded to your complaint (number: 130415-001093).<br><br>Log in to https://help.consumerfinance.gov/app/account/complaints/list or call us at (855) 411-CFPB (2372) to review the company's response.<br><br>Company's response<br>The company's response describes the steps the company has taken or will take in response to your complaint and help you understand what happened. For many people, the company's response addresses their complaint. Getting this response to you for review typically means we have completed our work on your individual complaint.<br><br>Your feedback<br>While you're reviewing the response, you have an opportunity to give feedback about how the company responded to your complaint. Log in to https://help.consumerfinance.gov/app/account/complaints/list or call us at (855) 411-CFPB (2372).<br><br>We also welcome feedback on how our complaint process has worked for you. If you would like to share your story, go to https://help.consumerfinance.gov/app/tellyourstory.<br><br>In the meantime, if you're having trouble paying your mortgage and need immediate assistance, call us at (855) 411-CFPB (2372). We can connect you to a free, HUD-approved housing counselor who can help you explore options available to avoid foreclosure, including modifications, short sales, repayment plans and government programs. Special assistance may be available to military members or veterans. You can also explore your options at: http://www.makinghomeaffordable.gov/programs/Pages/default.aspx. Please note that filing a complaint with us will not automatically stop or delay a foreclosure.<br><br>If you have questions about consumer financial products or services, visit consumerfinance.gov/askcfpbt.<br><br>We take complaints very seriously and thank you for reaching out to us. Complaints help us identify trends and problems in the marketplace and better understand the challenges American consumer face.<br><br>Thank you,Office of Consumer Response Consumer Financial Protection Bureauconsumerfinance.gov(855) 411-CFPB (2372) |
| 4/18/2013 2:31 PM | Automated Response | We have forwarded your complaint to the company for a response. You should receive a status update within the next 15 days.<br><br>You can track the status of your complaint at:<br> https://help.consumerfinance.gov/app/account/complaints/list/.<br><br>In the meantime, if you're having trouble paying your mortgage and need immediate assistance, call us at (855) 411-CFPB (2372). We can connect you to a free, HUD-approved housing counselor who can help you explore options available to avoid foreclosure, including modifications, short sales, repayment plans and government programs. Special assistance may be available to military members or veterans. You can also explore your options at: http://www.makinghomeaffordable.gov/programs/Pages/default.aspx. Please note that filing a complaint with us will not automatically stop or delay a foreclosure.<br><br>Thank you,Office of Consumer Response Consumer Financial Protection Bureauconsumerfinance.gov(855) 411-CFPB (2372) |
| 4/18/2013 | Automated | We have reviewed your complaint but need to verify that you have identified the correct company. In |

*E X h i b i t*

*15*

June 26, 2014


Wendell Harper
Mary Harper
39270 Pasef Padre Parkway #445
Fremont CA 94538


RE:        Account Number          0359185817
           Property Address        4151 Miflin Court
                                   El Sobrante CA 94803


Dear Wendell Harper and Mary Harper:

Please be advised that this letter serves as our response to your Qualified Written Request (QWR) for information regarding the above-referenced account dated May 22, 2014 and received in our office on June 19, 2014. In your correspondence, you request detailed information and documentation regarding nearly every aspect of the mortgage loan transaction, beginning with its origination. This loan was paid in full while serviced by GMAC Mortgage (GMACM). As a result of the Chapter 11 ResCap bankruptcy filing, certain assets of GMAC Mortgage were sold to Ocwen Loan Servicing, effective February 16, 2013. Ocwen Loan Servicing's response is based upon the available account records acquired from GMACM.

In response to your inquiries, copies of the following items are enclosed:

- Payment history
- Note


The other items requested are either confidential and proprietary or do not relate to the servicing of the account; therefore, they are not included.

Our records reflect the above-referenced account was paid in full on July 12, 2006. GMACM reported your account to the four major credit bureaus as closed and paid in full.

If after reviewing this information, If you have any further questions, please contact Customer Care at (800) 766-4622 between the hours of 8:00 am to 6:00 pm CT Monday through Friday.

Customer Care/DW
Loan Servicing

Enclosures

Identifier:0359185817          Doc Type:CORR

Identifier:0359185817          Doc Type:NOTE

## ADDENDUM TO NOTE
### PREPAYMENT PENALTY - FIRST ( 2   ) YEARS OF NOTE

Serv #:   11242566.

This Addendum is made this          23rd          day of          June, , 2005          and  is
incorporated into and shall be deemed to amend and supplement the Note of the same date given by the undersigned (the
"Borrower") to          WMC MORTGAGE CORP.

(the "Lender") covering the property described in the Security Instrument and located at:
4151 MIFLIN COURT EL SOBRANTE, CA 94803

[Property Address]

To the extent that the provisions of this Prepayment Note Addendum (the "Addendum") are inconsistent with the
provisions of the Security Instrument and/or the Note, the provisions of this Addendum shall prevail over and shall supersede
any such inconsistent provisions of the Security Instrument and/or the Note.

Section   6   of the Note is amended to read in its entirety as follows:

BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due.  A prepayment of all of the unpaid
principal is known as a "full prepayment."  A prepayment of only part of the unpaid principal is known as a "partial
prepayment."

Except as provided below, I may make a full or partial prepayment at any time.  If I make any partial prepayment, I
must still make each later payment as it becomes due and in the same amount.  I may make a full prepayment at any time.
However, if within the first          Twenty-Four          months after the execution of the Note, I make any
prepayment(s) within any 12-month period the total amount of which exceeds          Twenty
percent (     20.000          %) of the original principal amount of this loan, I will pay a prepayment charge in an amount
equal to the payment of          Six          (     6          ) months' advance interest on the amount by
which the total of my prepayment(s) within that 12-month period exceeds          Twenty
percent (     20.000          %) of the original principal amount of the loan.

_Wendell Harper_          07-03-05
- Borrower - WENDELL HARPER - Date -

_Mary Harper_          7/3/05
- Borrower - MARY HARPER - Date -

MNPS
MULTISTATE - Addendum to Note
0033266
0033266.V01    03/24/2004

Identifier:0359185817    Doc Type:CORR

Identifier:0359185817          Doc Type:NOTE



**NOTE**
WITH BALLOON PAYMENT

serv #:  11262500

LENDER: 11262500
NOTE: 1262500CG11262E904
CRC #: 0359185817

June 23, 2005                              TARZANA              ,California
                                              City

4151 MIELIN COURT EL. SCHEMIEK, CA 94833
                    Property Address

THIS LOAN IS PAYABLE IN FULL AT MATURITY.  SINCE YOU HAVE SELECTED A PAYMENT SCHEDULE WHICH WILL NOT PAY THE LOAN IN FULL BY THE MATURITY DATE, YOU WILL NEED TO PAY A LUMP SUM, OR BALLOON PAYMENT, WHICH WILL PAY OFF THE ENTIRE AMOUNT OF THE PRINCIPAL BALANCE OF THE LOAN AND ANY UNPAID INTEREST THEN DUE.  THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME.  YOU WILL THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY.  IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

**1.   BORROWER'S PROMISE TO PAY**
        In return for a loan that I have received, I promise to pay U.S. $    80,000.00         (this amount will be called "principal"), plus interest, to the order of the Lender.  The Lender is   WMC MORTGAGE CORP.

I understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

**2.   INTEREST**
        I will pay interest at a yearly rate of    9.500       %.
        Interest will be charged on unpaid principal until the full amount of principal has been paid.

**3.   PAYMENTS**
        I will pay principal and interest by making payments each month of U.S. $   672.68
        I will make my payment on the    1st      day of each month beginning on      September 1, 2005
I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note.  If, on     August 1, 2020            , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
        I will make my monthly payments at    6501 IRVINE CENTER DRIVE, IRVINE, CA 92618
                                                              or at a different place if required by the Note Holder.

**4.   BORROWER'S FAILURE TO PAY AS REQUIRED**
        **(A)   Late Charge for Overdue Payments**
        If the Note Holder has not received the full amount of any of any monthly payment by the end of    15        calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the charge will be   5.000     % of my overdue payment, but not less than U.S. $    N/A          and not more than U.S. $    N/A
I will pay this late charge only once on any late payment.
        **(B)   Notice From Note Holder**
        If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default.  That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.
        **(C)   Default**
        If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default.  If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
        Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
        **(D)   Payment of Note Holder's Cost and Expenses**

California- Second Mortgage with Balloon -- 6/84 --
DOCUMENT
VMXXXXXX.VM1  7/26/2002                                Page 1 of 3                              Form 3905

Identifier:0359185817          Doc Type:NOTE

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

**6.   BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due date or changes in the amount of my monthly payments unless the Note Holder agrees in writing to those delay or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7.   BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8.   GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9.   RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

# DISPLAY/HISTORY

Acct: 0359185817   Name: WENDELL HARPER    Type: 1    Sub: 0    Investor: 41469

Refresh Date: 08/28/2014

Page: 1

## FINANCIAL TRANSACTIONS:

| Transaction Description | Trans Amount | Last Paid | Post Date | Principal Paid | Interest Paid | Escrow Paid | Cr Life/ Disab | Lt Chrg/ Fees | Principal Bal After Tran | Escrow Bal After Tran | Unapp Funds After Tran |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Escrow Disb | -559.90 | 05/08 | 10/20/2006 | | | -559.90 | | | 0.00 | 0.00 | |
| Escrow Disb | 559.90 | 05/08 | 07/20/2006 | | | 559.90 | | | 0.00 | 559.90 | |
| Escrow Disb | -559.90 | 05/08 | 07/20/2006 | | | -559.90 | | | 0.00 | 0.00 | |
| Escrow Refund-Flood | 415.54 | 05/08 | 07/17/2006 | | | 415.54 | | | 0.00 | 659.90 | |
| PREPAY PENALTY | 3040.00 | 05/08 | 07/05/2006 | | | | | 3,040.00 | | | |
| PAYOFF | 81988.18 | 07/08 | 07/05/2006 | 79834.45 | 1343.79 | 659.95 | | | 0.00 | 144.36 | |
| PAYMENT | 672.68 | 05/08 | 05/18/2006 | 41.91 | 630.77 | | | 20.00 | 79,834.45 | -815.59 | |
| PAYMENT | 692.68 | 04/08 | 04/24/2006 | 41.58 | 631.10 | | | 20.00 | 79,876.36 | -815.59 | |
| FEE | 815.59 | 03/08 | 04/17/2006 | | | | | 815.59 | 79,717.94 | -815.59 | |
| PAYMENT | -815.59 | 03/08 | 04/17/2006 | | | -815.59 | | | | -815.59 | |
| FEE | 815.59 | 03/08 | 03/16/2006 | | | | | 815.59 | 79,717.94 | -815.59 | |
| PAYMENT | 672.68 | 03/08 | 03/16/2006 | 41.25 | 631.43 | | | | | 0.00 | |
| PAYMENT | 692.68 | 02/08 | 03/01/2006 | 40.93 | 631.75 | | | 20.00 | 79,758.19 | 0.00 | |
| PAYMENT | 672.68 | 01/06 | 12/13/2005 | 40.61 | 632.07 | | | | 79,800.12 | 0.00 | |
| PAYMENT | 672.68 | 12/05 | 11/15/2005 | 40.28 | 632.38 | | | | 79,840.73 | 0.00 | |
| PAYMENT | 672.68 | 11/05 | 10/31/2005 | 39.97 | 632.71 | | | | 79,881.02 | 0.00 | |
| PAYMENT | -672.68 | 10/05 | 10/31/2005 | -39.97 | -632.71 | | | | 79,920.89 | 0.00 | |
| PAYMENT | 672.68 | 11/05 | 10/31/2005 | 39.97 | 632.71 | | | | 79,881.02 | 0.00 | |



April 22, 2013

GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the court.
Signed April 22, 2013

William J. Lafferty, III
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| Wendell Harper,<br>Mary-Kathryn Harper,<br>               Debtors. | Case No. 10-48255<br>Chapter 7 |

## ORDER DENYING DEBTORS' MOTION TO REOPEN CASE

On July 21, 2010, the above-captioned debtors filed the above-captioned bankruptcy under chapter 13 of the Bankruptcy Code. On December 15, 2010, the debtors filed a Motion to Convert the case to chapter 7. The case was converted by order entered December 23, 2010.

On March 21, 2011, creditor Deutsche Bank National Trust Company filed a Motion for Relief from Stay so that it could exercise its rights and remedies under contract and applicable law regarding the property located at 4151 Miflin Court, El Sobrante, California, 94803. The Court granted the Motion at the hearing held April 7, 2011 effective once the record reflected that the movant held the notes. Documentation in support of Deutsche Bank's role as Trustee for the NovaStar Home Equity Loan Asset-Backed Certificates deriving out of the property was submitted through the Declaration of David Goss filed May 17, 2011. The debtors objected to the granting of the Motion based on this evidence, and the matter was re-set for hearing to be held on August 10, 2011. At the hearing held August 10, 2011, the Court found the grounds and

*EXHIBIT U*

**UD-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>**MICHAEL M. BAKER, SBN 273232**<br>**MICHAEL J. KRAHENBUHL, SBN 271021**<br>**PITE DUNCAN, LLP**<br>**4375 Jutland Drive, Suite 200**<br>**P.O. Box 17934. San Diego, CA 92177-0934**<br>TELEPHONE NO.: (858) 750-7600        FAX NO. *(Optional):* (619) 590-1385<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* COLFIN AI-CA 5 | FOR COURT USE ONLY<br><br>**FILED**<br>APR 04 2013<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF CONTRA COSTA - RICHMOND<br>By _____, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA**
STREET ADDRESS:
MAILING ADDRESS:   100 Thirty-Seventh Street
CITY AND ZIP CODE:   Richmond, CA 94805
BRANCH NAME:   County of Contra Costa - Richmond

PLAINTIFF:   **COLFIN AI-CA 5**

DEFENDANT:   **Wendell Harper, Mary Harper, et al.**

| **JUDGMENT — UNLAWFUL DETAINER** | | CASE NUMBER:<br>**RS13-0187** |
|---|---|---|
| ☐ By Clerk   ☐ By Default   ☒ After Court Trial | | |
| ☒ By Court   ☐ Possession Only   ☐ Defendant Did Not<br>Appear at Trial | | |

## JUDGMENT

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony or other evidence.
      (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☒ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):* 4/2/2013 at 1:15 PM
      before *(name of judicial officer):*  *Lowell Richards, Pro Tem*

   b. Appearances by:
      ☐ Plaintiff *(name each):*        ☒ Plaintiff's attorney *(name each):*
                                            (1) Owen Mayer
                                            (2)

      ☐ Continued on *Attachment 2b* (form MC-025).
      ☑ Defendant *(name each):*        ☐ Defendant's attorney *(name each):*
         *Wendell Harper*                  (1)
         *Mary Harper*
                                            (2)
      ☐ Continued on *Attachment 2b* (form MC-025).

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632)   ☒ was not   ☐ was   requested.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>UD-110 [Rev. January 1, 2003]

**JUDGMENT — UNLAWFUL DETAINER**

ORIGINAL

Code of Civil Procedure, §§ 415.46,<br>585(D), 664.6, 1169

 

Wendell Harper

PO Box 37290

Fremont, CA 94538

Phone: (510) 262-9178

Re: PIQ: 552640/562236/561232

**Consumer Financial Protection Bureau**
**P.O. Box 4503**
**Iowa City, Iowa 52244**

Dear CPFB Representative(s)

Please take notice of this official complaint lodged against Deutsche Bank National Trust Company and its Servicing agent, Ocwen Loan Servicing. Each of these firms has engaged in seizure of assets from the Bankruptcy Estate of my spouse and I as Debtors in US Bankruptcy Chapter 7, Oakland Division. This liquidation of our assets ignored federal tax codes and bankruptcy codes that I have included in this complaint.

I have supporting documentation:

An order imposed by US Bankruptcy Judge William Lafferty 111, lifting the Automatic Stay that   protected my spouse and I from the rigors of foreclosure as per the announced Notice of Trustee Sale, Effective June 29, 2009.

A copy of one of three Allonge Notes Used to Robo-sign documents by rubber-stamping our signatures in order to steal assets contained in our Bankruptcy Estate.

A copy of the "Trustee's Request for Notice of Possible Dividends".The notice certified the conversion of our estate from a "no asset" to an "Asset" Estate, all of which was dissolved without the knowledge, or agreement of my spouse and/or me.

A "Notice of Default" from Ocwen Loan Servicing, detailing its intention to foreclose upon our property.

A copy of my complaint against the firms and the court for using my name and signature to seize my assets beyond the point of financial compensation for our mortgage loan; but also,

with the purchase of Asset-Backed Certificates using our names and signatures, and a Home Equity Loan processed and transacted in our names, we, Wendell Harper and Mary-Kathryn Harper were denied the right to know the full amount of estate proceeds and to share in asset distribution. A

Among the documents proving our allegations:

Judge WilliamLafferty 111's order denying my motion to reopen our bankruptcy case in order to claim the remaining proceeds pursuant to Bankruptcy Rules of Court.

A copy of my complaint for Judicial misconduct No. 13-90088 related to the US Bankruptcy Court Judge excluding my spouse and I from any participation in the dissolution of our bankruptcy estate, while using our signatures to create a Home Equity Loan; using our names and SSN numbers to launder at least $1,425,000 to purchase Asset-Backed Certificates.

The documents I have included in my packet, verify that the Chapter 7 US Bankruptcy Court awarded Deutsche Bank National Trust Company the right to foreclose. Yet, it Is Ocwen Loan Servicing that actually executed the final action. I say the property is stolen in that the deed of trust is not signed by the lender; neither company has any deed of trust that is connected to the original deed, or any other such document that preceded it.

Further, I defy any individual or agency to produce the actual loan that was made to my spouse and I. It is further alleged by my spouse and I that no loan was transacted because neither firm had the funds to use for making such a loan. Our signatures were used as collateral, along with our amended returns for tax refunds.

Vote Rico S. Girón for San Miguel County Sheriff in the general election on Tuesday November 2, 2010.

### FORECLOSURE ACTIONS AND CASES L AWFULLY DISMISSED (NOT LETTING BANK FORECLOSE WITHOUT LAWFUL VALIDATION AND PRODUCTION) BY THE COURTS DUE TO BANK'S FAILURE TO VALIDATE & PRODUCE AS STIPULATED BY LAW AND COMMITTED "BANK FRAUD" AGAINST THE BORROWER

**FROM THE BAR ASSOCIATION'S OFFICIAL WEB SITE :...** *"this Court has the responsibility to assure itself that the foreclosure plaintiffs have standing and that subject matter jurisdiction requirements are met at the time the complaint is filed. Even without the concerns raised by the documents the plaintiffs have filed, there is reason to question the existence of standing and the jurisdictional amount". Over 30 cases are covered by the BAR at:* http://www.abanet.org/rpte/publications/ereport/2008/3/Ohioforeclosures.pdf

1. 1. "A national bank has no power to lend its credit to any person or corporation . . .
Bowen v. Needles Nat. Bank, 94 F 925 36 CCA 553, certiorari denied in 20 S.Ct 1024, 176 US 682, 44 LED 637.

1. 2. Countrywide Home Loans, Inc. v Taylor - Mayer, J., Supreme Court, Suffolk County / 9/07

1. 3. American Brokers Conduit v. ZAMALLOA - Judge SCHACK 28Jan2008

- **Maintenance** - Initial and ongoing interior and exterior services including housekeeping, yard, pool, and other services as required or needed.
- **Repairs/Improvements** - Suggest repairs and improvements to maximize value. Obtain bids as required. Coordination and supervision of authorized repairs/improvements.

### Current & Past REO and Relocation Clients:

AltiSource, American Acquisition, American Home Mortgage, Ameris, Atlas REO Services, BB&T Bank, Bank of America, Cartus Broker Network, Chase, CitiFinancial, Colony Bank, Deutsche Bank, Green River Capital, FreddieMac, FannieMae, FDIC, Genesis Financial, Greentree Servicing, HUD (Pemco), Integrated Assets, NRT REOExperts,LLC, OCWEN, Old Republic, PMM Mortgage, Promisor Asset Recovery Solutions, Regions Bank, RMS Asset Management Solutions, Saxon Mortgage, Single Source, Source One Properties, Synovous, Vanderbilt Mortgage, Vendor Resource Management, Weichert Relocation Network, Wells Fargo,

We did not understand, at the time, that our loan had been paid off, and the account was closed, with the loan documents cancelled by both our mortgagees, GMAC and Homeq Servicing Company, just as we did not know the court had paid off this loan.

Attached you'll find those documents. We have paid off this loan four times, and not once has the debt been transferred. You cannot transfer a debt without transferring the deed and the promissory note together.

What also is troubling is this: We were never informed about the hearing entitled: Deutsche Bank National Trust Company for Novastar Mortgage Funding Trust, Series 2006-4, Movant vs. Wendell Harper and Mary-Kathryn Harper, Respondents, and John Kendall, Trustee. We never were permitted to respond.

We were not informed of this hearing, never got a transcript, and were not represented by counsel, although we had a bankruptcy law firm being paid $5000.00 to 'represent" us. Not one of our attorneys ever attended a Bankruptcy hearing. In fact, we don't even know if the person representing us was a paralegal, even though we made the mistake of assuming she held that title.

Again, we never attended or knew of any hearing about allonge notes. No proof of service is with the Declaration, which means they were slipping it in past us. In fact, the hearing was billed as "Deutsche Bank National Trust Company, As Trustee for Novastar Mortgage Funding Trust, Series 2006-4's Motion for Relief From the Automatic Stay". That motion doesn't discuss Allonge Notes.

On the Declaration, nothing is in the space under 'Bankruptcy Case No. 10-48255"RJN In fact, we will show that the case number is different on the Declaration: 10-48255-WJL. Below the word and number, "Chapter 7, no stated

more than $1,425,000 dollars between April 18, 2011 and August of 2012. The Secured creditor is entitled only to the amount of the mortgage at $475,000. I am convinced that