UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL HARPER, | No. C-15-0889 EMC |
| Plaintiff, | |
| v. | **ORDER DISMISSING SECOND AMENDED COMPLAINT** |
| DEUTSCHE BANK, *et al.*, | |
| Defendants. | |
| _____/ | |

Previously, the Court adopted Magistrate Judge Ryu's report and recommendation and granted Plaintiff Wendell Harper's motion to proceed in forma pauperis but dismissed his complaint with leave to amend. *See* Docket No. 11 (order adopting report and recommendation). After Mr. Harper filed a first amended complaint ("FAC"), the Court reviewed that complaint and then dismissed all claims pled therein but gave Mr. Harper leave to amend his sixth cause of action, which was in essence a claim for wrongful foreclosure based on fraud. In response, Mr. Harper filed a document captioned "Response in Objection to Magistrate's Order Report and Recommendation." *See* Docket No. 17 (order). This is the document now pending before the Court.

Because Mr. Harper is proceeding pro se, the Court shall liberally construe the document (based on the statements contained therein) as both (1) objections to Judge Ryu's report and recommendation and this Court's prior orders and (2) a second amended complaint ("SAC"). To the extent the document is an objection to Judge Ryu's report and recommendation, the objection is overruled. The objection was not timely filed. To the extent the document is an objection to the Court's prior orders (or rather, a motion for reconsideration), it is also overruled. Mr. Harper has

failed to establish any error with the Court's prior orders, including that which adopted Judge Ryu's report and recommendation. To the extent the document is a SAC, the Court now reviews it pursuant to 28 U.S.C. § 1915(e)(2) (as required because Mr. Harper is proceeding in forma pauperis).

As with his other filings, the document is far from a model of clarity. The Court previously instructed Mr. Harper to give more specificity to his claim for wrongful foreclosure, which seemed to be based on an assertion of forged documents. Based on the SAC, it no longer appears that Mr. Harper is claiming that Defendants forged any documents per se; rather, the gist of Mr. Harper's wrongful foreclosure claim is that Defendants had no basis to foreclose on the real property at issue because Mr. Harper was given a deed or deeds of full reconveyance. *See, e.g.*, SAC ¶ 19 ("Plaintiff is not alleging that the signatures on any documents are forged; rather, Plaintiff has documented that his spouse and he have Title to the property [based on the Deeds of Full Reconveyance."); SAC ¶ 21 ("[The Deeds of Reconveyance] explain[] why The Documents submitted by [Defendants] as Proof Of the right to assign, sale or transfer property or a mortgage are fraudulent and, as recorded are forged."); SAC ¶ 36 ("[A]ny notion of each Defendant['] claim of a Valid Mortgage, Note or Deed, is False, fraudulent And therefore, forgeries."); "[T]he acts of submitting a Deed of Trust in an Assignment in which The Homeowner or Trustor has received a Duly Recorded Deed of Recovenyance is indeed Forgery."). Mr. Harper has provided copies of those deeds of full reconveyance to the SAC. *See* SAC, Exs. A-C.

The problem for Mr. Harper is that the deeds of full reconveyance – on their face – are all based on deeds of trust that are *separate and independent of* the deed of trust on which Defendants based their foreclosure of the real property at issue. The Court takes judicial notice of the promissory note and deed of trust on which Defendants based their foreclosure. (Those documents were part of the record in the bankruptcy proceedings involving Mr. Harper.) The promissory note was one entered into on June 23, 2006, between First United Home Loans and Mr. Harper and his wife. The deed of trust is also dated June 23, 2006, and was recorded on July 3, 2006.[1] The deeds

---

[1] Based on the documents submitted in the bankruptcy proceeding, it appears that the June 23, 2006, deed of trust was subsequently assigned to Novastar Mortgage, Inc. ("Novastar") and that Novastar then assigned the deed of trust to Deutsche Bank National Trust Company, as Trustee

of full reconveyance that Mr. Harper has submitted to the Court are based on completely different deeds of trust. For example:

1. Exhibit A. The document titled "Substitution of Trustee and Full Reconveyance" is dated January 15, 2002, was recorded on January 22, 2002, and refers to a deed of trust dated January 23, 1989, and recorded on February 1, 1989.

2. Exhibit B. The document titled "Substitution of Trustee and Full Reconveyance" is dated July 14, 2005, was recorded on July 21, 2005, and refers to a deed of trust dated September 12, 2002, and recorded on September 17, 2002.

3. Exhibit C. The document titled "Full Reconveyance" is dated July 19, 2006, was recorded on July 24, 2006, and refers to a deed of trust dated June 23, 2005, and recorded on July 14, 2005.

Thus, even if the Court were to credit the deeds of full reconveyance submitted by Mr. Harper, that does nothing to address whether Mr. Harper defaulted on the promissory note of June 23, 2006, which was secured by the deed of trust dated June 23, 2006, and both of which Defendants relied on in foreclosing on the real property at issue.

Accordingly, the Court hereby dismisses Mr. Harper's SAC. The only question remaining is whether the dismissal should be with or without prejudice. Because Mr. Harper has now been given multiple opportunities to amend, and because the Court specifically warned Mr. Harper in its order of May 13, 2015, that there would be a dismissal with prejudice if he failed to successfully plead a

///
///
///
///
///
///
///
///

---

under NovaStar Mortgage Funding Trust, Series 2006-4.

cause of action for wrongful foreclosure/fraud, the Court finds that a dismissal with prejudice is appropriate.

The Court orders the Clerk of the Court to enter judgment in accordance with the above and close the file in this case.

IT IS SO ORDERED.

Dated: June 5, 2015

_____
EDWARD M. CHEN
United States District Judge