UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL HARPER,<br><br>    Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-15-0889 EMC<br><br>**ORDER DENYING PLAINTIFF'S "PETITION FOR REVIEW OF JUDGMENT; AMENDED COMPLAINT(S)"**<br><br>**Docket No. 20** |

Plaintiff Wendell Harper, proceeding pro se, has filed a document captioned "Petition for Review of Judgment; Amended Complaint(s)." Having considered the papers submitted, the Court hereby **DENIES** Mr. Harper's request for relief.

## I.   FACTUAL & PROCEDURAL BACKGROUND

Mr. Harper, proceeding pro se, initiated this lawsuit against multiple defendants, asserting, in essence, a claim for wrongful foreclosure. He asked for leave to proceed in forma pauperis ("IFP"), and therefore his filings were subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Magistrate Judge Ryu recommended that Mr. Harper be granted IFP status based on his financial affidavit but also recommended, pursuant to her § 1915(e)(2) review, that his case be dismissed with leave to amend. This Court adopted Judge Ryu's report and recommendation.

Mr. Harper then filed an amended complaint which this Court dismissed pursuant to its own § 1915(e)(2) review. The Court, however, again gave Mr. Harper leave to amend. Mr. Harper filed his second amended complaint and, after conducting yet another § 1915(e)(2) review, the Court concluded that his pleading was still deficient. The Court therefore dismissed the second amended

complaint. The dismissal was with prejudice, especially as Mr. Harper had been given multiple opportunities to amend but still failed to state a claim for relief. A final judgment was entered on June 5, 2015.

On July 6, 2015, Mr. Harper filed the currently pending document captioned "Petition for Review of Judgment; Amended Complaint(s)." Although the undersigned is the assigned judge to this case, Mr. Harper directed the document to the attention of Chief Judge Hamilton.

## II.  DISCUSSION

As a preliminary matter, the Court notes that Mr. Harper has failed to cite any authority by which he may seek relief from Chief Judge Hamilton. Nor is the Court aware of any authority that permits the Chief Judge to review an order issued by another district court judge.[1] Mr. Harper's remedies at this point are either to seek relief from the undersigned, as the assigned judge, or from the Ninth Circuit (*i.e.*, an appeal).

To the extent Mr. Harper seeks relief from this Court, there are, in essence, two kind of post-judgment motions that may be made under the Federal Rules of Civil Procedure: (1) a Rule 59 motion and (2) a Rule 60 motion.

Under Rule 59, a party may bring a motion to alter or amend a judgment. However, such a motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, final judgment was entered on June 5, 2015. Mr. Harper did not file the current document until July 6, 2015. Therefore, his filing – if construed as a Rule 59 motion – is untimely.

Under Rule 60, a motion may be made for relief from a final judgment, but only under certain circumstances. Here, Mr. Harper essentially presents two arguments as to why he is entitled to relief: (1) because the undersigned is prejudiced against him and favors Defendants and (2) because the undersigned's analysis of the facts is incorrect. For purposes of this order, the Court assumes that, if Mr. Harper's arguments are correct, then he is entitled to relief under Rule 60. *But see, e.g.*, *Chang v. Rockridge Manor Condo.*, No. C-07-4005 EMC, 2010 U.S. Dist. LEXIS 87157,

---

[1] Although not entirely clear from his papers, Mr. Harper suggests that the undersigned is not a district judge. This is incorrect. The undersigned was previously a magistrate judge but has been a district judge since 2011.

at *12 (N.D. Cal. Aug. 3, 2010) (noting that, "under Rule 60(d)(3), a court has the authority to 'set aside a judgment for fraud on the court,'" but that plaintiff did not "cite[] any authority applying Rule 60(d)(3) to fraud allegedly perpetrated *by a court*, as opposed to fraud induced by a third party acting as an officer of the court") (emphasis added); *Prado v. Quality Loan Serv. Corp.*, No. C-13-4536 EMC, 2014 U.S. Dist. LEXIS 69947, at *4 (N.D. Cal. May 21, 2014) (noting that Rule 60(b)(1) provides for relief where a court has made a *legal* error).

The problem for Mr. Harper is that both of his arguments lack merit, and therefore Rule 60 relief is improper. As to his first argument, Mr. Harper ignores the fact that the Court was required to evaluate his complaints pursuant to 28 U.S.C. § 1915(e)(2). Furthermore, to the extent Mr. Harper contends that the Court held a hearing with Defendants present but not with Mr. Harper present, he is incorrect. Defendants have not even been served with any complaint at this juncture; they have made no appearances in this case; and the Court has held no hearings in the action. The final judgment does contain form language stating that "[t]his action came to trial or hearing before the Court," Docket No. 19 (final judgment), but that is form language only. The final judgment reflects that judgment was entered pursuant to the Court's order of June 5, 2015, which dismissed the second amended complaint pursuant to the Court's required § 1915(e)(2) review.

As for the second argument, the Court has considered a second time the documents submitted by Mr. Harper, in particular, those attached to the pending request for relief. These documents simply reconfirm the Court's prior analysis in its June 5 order – *i.e.*, that the deeds of full reconveyance are all based on deeds of trust that are separate and independent of the deed of trust on which Defendants based their foreclosure of the real property at issue. The deed of trust on which Defendants based on their foreclosure was dated June 23, 2006; was recorded on July 3, 2006; and secured a loan amount (principal) of $475,000. None of the exhibits submitted by Mr. Harper concerns this deed of trust.

- Exhibit A (Docket No. 20, at 29). Exhibit A is a document titled "Substitution of Trustee and Full Reconveyance." It refers to a deed of trusted dated January 23, 1989, and recorded February 1, 1989.

- Exhibit B (Docket No. 20, at 31). Exhibit B is a document titled "Substitution of Trustee and Full Reconveyance." It refers to a deed of trusted dated September 12, 2002, and recorded on September 17, 2002.[2]
- Exhibit C (Docket No. 20, at 33). Exhibit C is a document titled "Full Reconveyance." It refers to a deed of trust dated June 23, 2005, and recorded on July 14, 2005.
- Exhibit D (Docket No. 20, at 34). Exhibit D is a document titled "Full Reconveyance." It refers to a deed of trust dated July 14, 2005, and recorded on July 14, 2005.[3]
- Exhibit E (Docket No. 20, at 35). Exhibit E is a letter from Bank of America Home Loans, dated August 27, 2014. The letter states: "The above-referenced loan was paid in full as of 7/14/2005." This letter appears to refer to Exhibit B, which was the "Substitution of Trustee and Full Reconveyance," dated July 14, 2005.
- Exhibit F (Docket No. 20, at 36). Exhibit F is a letter from HomEq Servicing, dated November 22, 2006. It states: "This letter is to serve as notice that the above referenced loan with HomEq Servicing for 320,000.00 was paid off in full on JULY 3, 2006. The account is now closed." This letter cannot relate to the deed of trust at issue which was for a principal amount of $475,000.
- Exhibit K (Docket No. 20, at 37). Exhibit K is a letter, dated June 26, 2014, issued apparently by Ocwen Loan Servicing. The letter states: "This loan was paid in full while serviced by GMAC Mortgage (GMACM). As a result of the Chapter 11 ResCap bankruptcy filing, certain assets of GMAC Mortgage were sold to Ocwen Loan Servicing, effective February 16, 2013. Ocwen Loan Servicing's response is based upon the available account records acquired from GMACM." This letter appears to refer back to Exhibit D given the account number listed (*i.e.*, 0359185817.)

---

[2] The full reconveyance document itself is dated July 14, 2005.

[3] This reconveyance was prepared by GMAC Mortgage Corporation and uses the account number 0359185817.

4

### III. CONCLUSION

For the foregoing reasons, the Court denies Mr. Harper's request for relief. Mr. Harper has the right to appeal the Court's decision(s), if he so chooses, to the Ninth Circuit.

This order disposes of Docket No. 20.

IT IS SO ORDERED.

Dated: July 16, 2015

_____
EDWARD M. CHEN
United States District Judge